D. C. WELLS *v.* E. G. ANDREWS ET AL.

GUARDIAN AND WARD. *Guardian appointed in another State. Domicile of minor. Case in judgment.*

A. and wife, who were residents of Hardeman County, Tennessee, died, the former in 1881, the latter in 1882, leaving two minor children who then became the owners of an estate of realty and personalty in that county, worth about $5,000. It was a last wish of each of the parents, that W. should take charge of the children and manage their estates. Accordingly, W. applied to the proper court in Hardeman County for letters of guardianship, and, after a litigation of some months, was appointed guardian of the children. On the same day that he went to make application for such letters, the grandparents of the children, in the absence of W., caused them to be taken by force from the home of their deceased parents, where they were staying with W.'s wife, into Benton County, Mississippi, where the grandparents reside. W. came to this State and sued out a writ of *habeas corpus* to obtain the custody of the children; but after hearing testimony *pro* and *con* upon his application, the judge refused to grant his petition. *Held*, that the children were domiciled in Tennessee, and the jurisdiction of the courts of that State over them and their estates there was not destroyed by their removal into this State; and as W. is their lawfully constituted guardian, appointed by the proper court of Tennessee, they should have been committed to his custody.

APPEAL from the decision of Hon. W. S. FEATHERSTON, Judge of the Second Judicial District, on *habeas corpus.*

R. L. Andrews was a resident of Hardeman County, Tennessee, before his death, which occurred there in October, 1881. He had a wife and two minor children, and just before his death, which he then anticipated, he requested D. C. Wells to assist his wife, after his death, in rearing his children and managing their estates. After the death of R. L. Andrews his widow and children continued to reside on the homestead in Hardeman County, Tennessee, till the 30th of March, 1882, when Mrs. Andrews died. D. C. Wells and his wife were with Mrs. Andrews during her last illness, and just before her death she requested Wells to take her children and take care of and rear them, and manage their estates. After the death of their parents, the two children were owners of an estate in Hardeman County, Tennessee, consisting of both realty and personalty, of about $5,000.

A few days after Mrs. Andrews' death, Wells went from the Andrews' homestead, where he and his wife had been staying since the death of Mrs. Andrews, to the county town of Hardeman County, Tennessee, and applied for letters of guardianship of the persons and estates of the children, Lucy P. Andrews, aged eight or ten years, and Lafayette B. Andrews, aged about six years. On the same day, and while Wells was absent, the agents of E. G. Andrews and wife, the grandparents of the children, went to where the children were with Mrs. Wells, at the home of their parents, when living, and took them, forcibly, into Benton County, Miss. Wells' application for letters of guardianship, after several months' litigation, was granted by the court having jurisdiction of such matters.

After obtaining letters of guardianship, Wells, on the 14th of August, 1882, sued out the writ of *habeas corpus* in this case, against E. G. Andrews and wife, who had the custody of the children and refused to surrender them. On the 1st of September, 1882, the judge, after hearing testimony on both sides, rendered a judgment, dismissing Wells' petition for the custody of the children, and he appealed to this court.

*Wm. M. Strickland,* for the appellant.

The main question involved in this case, as I conceive, turns upon the domicile or residence of the wards. The infant's residence, or domicile, is that of his parent, and such it will remain during minority, in spite of his temporary absence at school, or elsewhere. Nor can he, of his own motion, acquire a new domicile, since he is not *sui juris.* Schouler's Dom. Rel. 412 ; Story on Confl., sect. 46. If the father dies, his last domicile is that of the infant children. Story, *supra.* Residence in a place, to produce a change of domicile, must be voluntary. If, therefore, it be constrained, or involuntary, as by banishment, arrest or imprisonment, the antecedent domicile of the party remains. Story on Confl., sect. 47. Two things must concur to constitute domicile : First, residence ; and secondly, the intention of making it the home of the party. Story, *supra,* sect. 44.

In this case, the intention is wanting; for, though the children were actually removed, not being *sui juris*, they could form no intention, and did not act in the matter. The fact and intention must concur. See *White* v. *White*, 3 Head, 404 (opinion, 410).

*Fant & Fant*, for the appellees.

The important point is, did the court in Tennessee have jurisdiction to make the appointment of guardian in this case? The section of the Tennessee statute, which gives the power to appoint guardians, is in these words: —

" The County Court shall have full power to take cognizance of all matters concerning minors and their estates ; and, whenever it appears necessary, shall appoint a guardian for every infant within its jurisdiction ; but the powers of the Chancery Court over such estates are not hereby abridged." Thomp. & Ste. Code of Tenn., sect. 2493.

To warrant the appointment of a guardian, the infant must be within the jurisdiction of the court. The question of domicile, or residence, is not involved. It is simply whether the infant is within the jurisdiction. The jurisdiction of the County Court extends no farther than the bounds of the county. It cannot extend into another county, far less into another State. When therefore, it is shown that the infants were in this State at the time of the appointment of the guardian in Tennessee, it is conclusively shown that they were not within its jurisdiction. " The jurisdiction, both of the subject-matter and the person, must appear by the record, or the proceedings are void." Meig's Dig. (new ed.), tit. " Jurisdiction ;" 6 Baxt. 274 ; 8 Baxt. 80 ; 8 Baxt. 467. In this State the decisions are to the same effect. *Givin* v. *McCarroll*, 1 Smed. & M. 351 ; *Root* v. *McFerrin*, 8 Geo. 17.

CAMPBELL, C. J., delivered the opinion of the court.

The appellant was the lawfully constituted guardian of the minors, appointed by the proper court in Tennessee, from whence they were removed, at the instance of their grand-

mother, and they should have been committed to the custody of their guardian, under the circumstances of this case. They were domiciled in Tennessee, and the jurisdiction of the courts. of that State over them, and their estate there was not. destroyed by their removal, by their relatives, to Mississippi.

The judgment is reversed, and the custody of the minors. awarded to the appellant.