WASHINGTON BANK & TRUST CO. *v*. MAGEE.

(Division A. Dec. 4, 1939.)

[192 So. 438. No. 33903.]

Hall & Hall and Bernard Callendar, all of Columbia, and Ott & Johnson and O. H. Carter, all of Franklinton, La., for appellant.

Mounger & Calhoun, of Tylertown, for appellee.

Argued orally by **Lee D. Hall**, for appellant.

**Anderson, J.,** delivered the opinion of the court.

A minor, who is a resident of the State of Louisiana, has a guardian in that state, legally appointed under the laws thereof. The minor has property in this State, and a guardian legally appointed under the laws thereof. Question: Whether the Louisiana guardian is entitled to displace the Mississippi guardian and to the possession of the minor's property in this State. Under the facts of this case and the governing principles of law, we think that question must be answered in the affirmative. Dorothy Lee Tony is a minor and a resident of Washington Parish, Louisiana. She owned a time deposit certificate for $1,000 in the Tylertown Bank, located in Walthall County in this State. On July 26, 1937, the Chancery Court of Walthall County appointed her uncle, appellee, V. J. Magee, her guardian. On August 31, 1937, a little more than a month thereafter, appellant, Washington Bank & Trust Company of Washington Parish, Louisiana, was duly appointed tutor for the minor (tutor being the Louisiana name for guardian). Thereafter, the Louisiana guardian acquired, under the laws of that state, possession of the time certificate of deposit referred to, and in February, 1939, filed its petition in the Chancery Court of Walthall County against the Mississippi guardian to remove him as such and to be substituted in his place. The Mississippi guardian answered, making his answer a cross-bill, and prayed for a decree for the possession of the certificate of deposit. In his answer, he denied some of the material allegations of the petition, but on the hearing the evidence showed the facts above stated.

The Mississippi · guardian contends: (1) That under the law, the Louisiana guardian had no right to displace him; and (2) if such right existed, it had been forfeited by delay, the delay being about a year and a half. Section 1906 of the Code of 1930, and Moore v. Jones (Miss.), 33 So. 437 (not officially reported), and Wells v. An-

drews, 60 Miss. 373, are an answer to the first contention. That section of the Code is in this language: "When any minor or idiot or lunatic or other person of unsound mind resides out of this state, but has property, real or personal, in this state, and a guardian has been appointed to such minor, idiot, or lunatic or other person of unsound mind in the state of his residence, such guardian shall be entitled to be appointed guardian of such non-resident minor or idiot or lunatic or other person of unsound mind, by the chancery court of the county in this state in which such property, or any part thereof, is situated, upon producing to such court the original letters of guardianship issued to such non-resident guardian, or a certified copy thereof, duly authenticated, and upon executing bond with sureties, as is required of other guardians." The Louisiana guardian offered to comply with this statute in all respects. In Moore v. Jones, supra, the Court held that the appointment of a guardian in this State of a non-resident ward other than the guardian appointed in the state of the ward's residence, although not void under the laws of this State, nevertheless, the guardian appointed in such other state was entitled to be substituted in lieu of the guardian appointed in this State.

We do not decide whether any dereliction of duty on the part of the Louisiana guardian would affect its right to displace the Mississippi guardian. That question is not involved, because, as we view it, there is no such failure of duty. Both guardians waited about a year and a half before any action was taken.

Reversed, and judgment here for appellant.