CONRAD *v.* FOUNTAIN.

(Division B. June 2, 1947.)

[30 So. (2d) 803. No. 36489.]

White & Morse, of Gulfport, for appellant.

Gaston H. Hewes, of Gulfport, for appellee.

Griffith, P. J., delivered the opinion of the court.

The parties herein were divorced on June 7, 1946, the proved ground for divorce being the habitual drunken-

ness of the wife. By that decree the custody of their two children was granted to the father, but with a provision that their immediate care should be in the hands of their maternal grandmother, the fact being that the father was and is permanently hospitalized because of a progressive paralysis, rendering him unable to care for the children personally.

Upon the decree of the divorce and the loss by it of any part in the custody of her children, the mother immediately broke from the drink habit, and has at all times since totally abstained from intoxicants and has otherwise conducted herself as a respectable person. She has married again, and with the approval of her present husband, against whom no word of disparagement appears in the record, she filed, on October 30, 1946, her petition praying a modification of the original decree so that she would have the custody of the two children with the right of visitation by them to their father in the hospital. The petition was contested by answer, and on November 26, 1946, the matter was heard on pleadings and proof and a modified decree was entered as prayed in the petition.

Were the father physically able personally to look after the children or to have the proper care of them taken under his actual personal supervision, doubtless the original decree would not have been modified by the chancellor. But the father is not able, and will not be, although through no fault on his part, so that the question before the chancellor was whether the children should still be deprived of the mother's care and custody when she has shown by the proof that she is now fit and able and is anxious to have them, in which she is joined by her present husband who has a suitable home, and no other children.

Appellant urges that inasmuch as the mother was for a period of five or six years, next before the decree of divorce, a victim of drunkenness, during which period she was treated at a public institution but relapsed with-

in about three months after being discharged therefrom, it is too great a risk to conclude that her recent period of sobriety will be permanent, and that it may be expected that she will return to her cups in the not distant future.

We know of no yardstick by which the probabilities may be definitely calculated in a case such as this. We are mindful, however, that in Smithson v. Smithson, 113 Miss. 146, 74 So. 149, L. R. A. 1917 D, 361, the wife did in four months time completely escape, by her own efforts, from the drug habit of eight years standing, when she realized that because of it she was about to lose her family and home. In the present case the loss of her children by the original decree had produced a five months' period of complete sobriety next before the modified decree, and the knowledge that she will again lose them unless she keeps herself fit ought to furnish sufficient assurance as a reasonable probability that she will leave intoxicants alone—that she will prefer her children, since she can now see in a vivid way that she cannot have both.

Affirmed.