Boswell *v*. Pope.

Division A. Jan. 14, 1952.

No. 38189 (56 So. (2d) 1)

32

**Crawley & Brooks,** for appellant.

Harold W. Davidson, for appellee.

### Ethridge, C.

On May 24, 1950, appellant, Mrs. Bonnie Sue Pope Boswell, obtained a divorce from Leo Pope on grounds not revealed by the record. They had one child, a little girl, Janie Sue Pope, who was then 21 months of age and was born on August 18, 1948. The divorce decree of the Chancery Court of Neshoba County awarded the custody of the child to appellant, her mother, for the first six months of each year and to appellee, her father, for the last six months of each year, with respective rights of reasonable visitation. The decree provided that the child should be kept by appellee during the six months she was in his custody at the home of his sister. The court expressly reserved jurisdiction to modify the custody decree upon a future change of conditions. It denied alimony to appellant and made no provision for support money for the child.

When the divorce decree was granted on May 24, 1950, appellant was employed as a nurse in a Kosciusko hospital on a regular salary. She had to be away from her living quarters a good part of each twenty-four hours. Ap-

pellant had no home which she could maintain for the child, so appellant's mother took care of Janie while appellant was working.

On June 3, 1950, appellant married Mims Boswell, Jr. She then stopped working at the hospital and at the time of the decree in the present action she was spending her full time keeping house at the comfortable home owned by her husband. She is now able to give full time attention to the child, and is desirous of doing so. Her husband has a good, regular salary, and he testified that he would be glad for Janie to live with her mother and him. Appellee has a regular job which requires him to be away almost every day from his sister's home, where Janie is kept when he has the child's custody. Appellee has no home of his own but lives with his sister, who has three children. While the baby is in the custody of appellee and his sister, she seems to be healthy and well clothed. When the mother visits the child during the period she is in appellee's custody, Janie usually cries for her mother when she leaves, and wants to go with her. Appellant is 24 years of age, is in good health, has no other children, and can give and wants to give Janie her full time as a mother. Appellee knows nothing about caring for a young child, but relies wholly on his sister. Appellant is of good moral character.

In November, 1950, appellant filed in the Chancery Court of Neshoba County the present petition, asking for a modification and change of the divorce decree with reference to the custody of Janie. She averred that the circumstances and conditions pertinent to the child's welfare had changed materially since the divorce decree of May, 1950, and asked the court to grant her full custody of the child, who on the date of the hearing in the trial court in December, 1950, was 2 years and 4 months of age. Appellee denied that there had been a change of circumstances. At the hearing, appellant's witnesses testified substantially as outlined above, on the issues of change of circumstances and the welfare of the child.

We do not consider the other testimony with reference to the moral character and fitness of appellee for custody of the child. Appellee was put on the stand by appellant as an adverse witness. At the close of appellant's case, appellee moved to exclude the evidence and dismiss appellant's petition, and this motion was sustained, on the ground that there had been no material change in the circumstances and conditions of the parties since the rendition of the divorce and custody decree of May 24, 1950. Where a motion to exclude and dismiss is sustained, the court must consider the complainant's evidence and reasonable inferences therefrom in the light most favorable to the complainant.

We think that the learned Chancellor erred in sustaining the motion to dismiss. The issues were two in number: (a) whether there had been a material change in circumstances to warrant modification or change of the custody decree; and (b) if such material change had occurred, what custody decree is for the best interest and welfare of the child. With reference to the first issue, the record clearly shows material changes in the circumstances of the mother, appellant, since the divorce decree of May, 1950. At that time appellant was working full time, had no home of her own, found it necessary to leave her daughter with her mother, and could not give the little girl full-time attention, any more than appellee could. Since then appellant has married, has a home of her own, is no longer working, and is able to devote her full time to Janie. Her husband has an ample, regular income from his job and can and will support comfortably both appellant and Janie. Appellant clearly made out a strong prima facie case of a material change in her circumstances and conditions since the divorce decree with reference to the welfare of the child, and the trial court should have re-examined the issue of custody.

Appellee argues that for several months prior to appellant's divorce and second marriage, she had been going with her present husband and they had been planning to

get married; that these plans and possibilities were brought out in the testimony in the divorce action; that the court considered those factors at that time; and that therefore, the divorce decree was res judicata on the issue of custody, citing McManus v. St. Dizier, 1935, 174 Miss. 344, 164 So. 407. However, such testimony in the divorce case dealt only with possibilities which had not developed into facts. Since that time, appellant's second marriage has occurred, with the above-stated changes in her circumstances. These are facts which now exist evidencing a change in conditions. The court has recognized in other cases the significance of a wife's remarriage as being of probative value on the issue of change of circumstances warranting further inquiry into a custody decree. McManus v. St. Dizier, supra; Conrad v. Fountain, 1947, 202 Miss. 237, 30 So. (2d) 803; White v. Brocato, Miss. 1948, 35 So. (2d) 455. Appellant established a prima facie case on a substantial change in her circumstances, which would necessitate the court further inquiring into what custody is for the best interest of the child. Malone v. Malone, 1931, 159 Miss. 138, 131 So. 870, 871; 17 Am. Jur., Divorce and Separation, Sec. 684; 27 C. J. S., Divorce, Section 317; Code of 1942, Sec. 2743.

Appellant also made out a strong prima facie case on her claim that the best interest and welfare of the child would be served by awarding custody to her. ■■ Neither father nor mother has any paramount right over the other concerning the custody of a minor, where such custody would not adversely affect the child's welfare. Code of 1942, Sec. 399. The paramount consideration is the child's welfare. And the chancery court has a broad discretion in determining that factual issue. Code Sec. 2743. ■■ But that discretion should be exercised in the light of an established rule of this and other courts in such cases. It is well stated in Amis, Divorce and Separation in Mississippi (1935), Sec. 219, page 296: "In all cases where any child is of such tender age as to require the mother's care for its physical welfare it should

be awarded to her custody, at least until it reaches that age and maturity where it can be equally well cared for by other persons.''

Judge Amis discusses a number of decisions so holding, beginning with Johns v. Johns, 1879, 57 Miss. 530. For example, in Turner v. Turner, 1908, 93 Miss. 167, 46 So. 413, the controversy was over the custody of a two year old boy. Each parent had been given the child's custody alternately for a term of three months. It was there said: "We cannot concur in the decree of the learned chancellor in dividing the custody of this boy, less than two years old when this decree was entered, between his mother and his father. No child of that age should have his custody thus alternatively shifted, especially where the mother is living and a competent person to care for the child. * * * on the case made as to the right of the father or mother to the custody of this child, we think the best interests of the child will be subserved by awarding its custody to the mother * * *." This seems to be the rule uniformly adopted also in other states. 17 Am. Jur., Divorce and Separation, Sec. 683; 27 C. J. S., Divorce, Section 309(c), page 1172.

At the time of the hearing in the chancery court, Janie was only 2 years and 4 months, and at the present time she is only 3 years and 5 months of age. Unless appellee's evidence indicates otherwise, this little baby girl should during her early years have the benefit of her mother's full-time, personal care. This is particularly evident where the child is a girl. Moreover, appellee concedes that he is not with the child during most of the days in the week. Appellant made out a prima facie case for awarding full custody to her, and we therefore remand this matter to the chancery court for a full hearing on the merits in accordance with this opinion.

Reversed and remanded.

PER CURIAM.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is reversed and remanded.