BLAND *v.* STOUDEMIRE.

Jan. 11, 1954

No. 39033 48 Adv. S. 1 69 So. 2d 225

*Carlton & Henderson,* Sumner, for appellant.

*Breland & Whitten,* Sumner, for appellee.

ARRINGTON, J.

This is an appeal from a decree of the Chancery Court of the Second Judicial District of Tallahatchie County modifying a decree of divorce dated January 29, 1952, with respect to the custody and control of minor children of the parties, being Robert Leo Bland, born on July 21, 1942, Nathaniel Bland, born on July 15, 1945, and Alvin Bland, born on December 6, 1948.

The decree of January 29, 1952, granted a divorce to Nathan Bland from Ollie Lee Bland and awarded the custody of all three children to him. On October 15, 1952, Ollie Lee Bland Stoudemire filed her bill for a modification of the former decree, alleging that the facts and circumstances which existed at the time of the decree dated January 29, 1952, had changed in that she had remarried and was the wife of an industrious colored man of good reputation; that he made a salary of approximately $45 a week and was willing and anxious to provide a home for her minor children. Appellee further alleged, among other things, that Nathan Bland's health was poor and that he was unable to produce a sufficient income to care for the minor children; that she had a wholesome home in Prattsville, Alabama, where she could care for the children and that she would see that they attended school when with her; and offered to make bond to insure her compliance with the decrees of the court.

The testimony established the allegations of Ollie Lee Bland with reference to the changes in her condition, and shows that Nathan Bland was crippled and over

62 years of age; that he was living alone with the three minor children, doing all the washing, cooking and mending for them. He is a share cropper on a cotton farm where he is not required to plow, but only to chop and pick cotton, and this he is physically able to do. The two older children were old enough to go to the field and assist in the work. The younger child was not able to do field work, although he went to the field with the others at times, and at other times stayed with an aunt. The two older children attended school regularly.

The chancellor, who had heard the case in the first instance, and was familiar with all the facts and circumstances, took the matter under advisement and on the 13th day of November, 1952, modified the former decree in that he awarded the care and custody of Robert Leo Bland and Nathan Bland to their mother during the months of July and August; awarded the custody of the youngest child, Alvin, to the mother; and ordered that the said Alvin Bland be returned to the Chancery Court of Tallahatchie County at the January, 1953 term thereof, to receive such orders as the court might then make as to his custody. The decree also ordered that appellee make bond in the sum of $300 to faithfully carry out the orders and decrees of the court before the children were carried out of the state, and ordered that the parties, in person, or by their attorneys, appear before the court on the first day of each regular term.

The appellant argues that the conditions had not materially changed since the award of the prior decree so as to justify the modification of the decree, and that the chancellor should have ordered that a larger bond be made before permitting the children to be carried out of the state.

On the question of changed conditions, this case is governed by the case of Boswell v. Pope, 213 Miss. 31, 56 So. 2d 1, the facts being very similar in that the mother had remarried and established a home and was in position to care for the children, and also in that the

child which was awarded to the mother was of young and tender age. In Boswell v. Pope, supra, the court said:

"Since that time appellant's second marriage has occurred, with the above-stated changes in her circumstances. These are facts which now exist evidencing a change in conditions. The court has recognized in other cases the significance of a wife's remarriage as being of probative value on the issue of change of circumstances warranting further inquiry into a custody decree. McManus v. St. Dizier, supra; Conrad v. Fountain, 1947, 202 Miss. 237, 30 So. 2d 803; White v. Brocato, Miss. 1948, 35 So. 2d 455. ██ ██ Appellant established a prima facie case on a substantial change in her circumstances, which would necessitate the court further inquiring into what custody is for the best interest of the child. Malone v. Malone, 1931, 159 Miss. 138, 131 So. 870, 871; 17 Am. Jur., Divorce and Separation, Sec. 684; 27 C. J. S., Divorce, Section 317; Code of 1942, Sec. 2743.

"Appellant also made out a strong prima facie case on her claim that the best interest and welfare of the child would be served by awarding custody to her. ██ ██ Neither father nor mother has any paramount right over the other concerning the custody of a minor, where such custody would not adversely affect the child's welfare. Code of 1942, Sec. 399. ██ ██ The paramount consideration is the child's welfare. And the chancery court has a broad discretion in determining that factual issue. Code Sec. 2743. But that discretion should be exercised in the light of an established rule of this and other courts in such cases. It is well stated in Amis, Divorce and Separation in Mississippi (1935), Sec. 219, page 296: 'In all cases where any child is of such tender age as to require the mother's care for its physical welfare it should be awarded to her custody, at least until it reaches that age and maturity where it can be equally well cared for by other persons.' "

 Each case of this kind must rest upon its own facts and circumstances, always keeping in mind that the welfare of the child is of paramount importance. The chancellor had the advantage of having heard the case when the divorce was granted, as well as having the parties before him. We cannot say that the modified decree was not for the best interest of the children, nor that the bond of $300 was not sufficient, taking into consideration the distance of Prattsville, Alabama from Tallahatchie County, and also the financial condition of appellee. Compare Campbell v. Lovgren, 175 Miss. 4, 166 So. 365.

Affirmed.

*McGehee, C. J.,* and *Hall, Kyle,* and *Lotterhos, JJ.,* concur.