PETITION FOR DISBARMENT OF JOHN R. POOLE.

No. 39545 January 10, 1955 76 So. 2d 850

John R. Poole, Jackson, for appellant.

*M. B. Montgomery, Stokes V. Robertson, Sr., George F. Woodliff, Robert Burns, Thomas H. Watkins, Jack H. Ewing, Ray Edwards, C. B. Snow, Robert E. Perry,* and *Garner W. Green, Jr.,* Jackson, for appellee.

GILLESPIE, J.

The Chancery Court of Hinds County appointed a special committee of the bar to investigate the conduct

of any member of the local bar. The committee investigated the respondent and filed charges alleging that (1) he was employed and paid a fee in 1948 to represent one Martin in a contempt proceeding, and that respondent misled Martin in telling him that he need not appear before the Court before whom Martin was cited to appear, and that Martin thereby did not appear, resulting in his arrest and being fined; (2) he was convicted of assault and battery in the County Court of Hinds County; and (3) was employed by one McKee, a negro, in February, 1952, and paid a $50.00 fee for services, including appealing McKee's case, and that he collected from McKee the fine and costs amounting to $106.00 which respondent kept, resulting in the rearrest of McKee, who was required to pay the fine a second time; and (4) in December, 1952, he was employed by one Butler, and Butler paid respondent a $50.00 fee for services including the perfecting of an appeal of his case, and respondent collected the fine and costs from Butler amounting to $105.00, which respondent kept, resulting in the rearrest of Butler who worked out his fine on the chain gang; and (5) he falsely represented himself to the police of the City of Jackson as the attorney for one Moore, who had posted a $100.00 cash bond in a criminal case, and substituted an appeal bond and secured the cash which respondent kept, resulting in the rearrest of Moore, who was freed when the authorities learned the facts.

Respondent's answer denied any wrong in connection with charge number one; he admitted charge number two, but says the case was appealed to the circuit court where an order was entered dismissing the case upon payment of the costs, but the proof showed the costs were never paid; he admitted charges numbers three and four and asked the leniency and mercy of the court, stating that he was willing to give the wronged parties notes for the amounts involved; he denied charge number five; and set out certain mitigating circumstances

and averred that he had stopped drinking, had rehabilitated himself, was penitent, and requested the mercy of the court.

The chancellor heard the evidence and found the facts as alleged had been conclusively proven and entered a decree disbarring respondent.

 Respondent assigns as error the refusal of the court below to grant additional time within which to show cause. Respondent had been under indictment on one of the charges since February, 1954, knew of the charges when called before the committee on April 16, 1954, was served with citation on April 22, 1954 to show cause on May 4, 1954. It is regretted that respondent was unable to employ counsel, but we find no prejudice resulted from the refusal to grant additional time. We would not be justified in disturbing the chancellor's ruling on the motion.

 Appellant next assigns as error the refusal of the court below to sustain appellant's motion to transfer the charges to the Mississippi State Bar Association for proceeding under the statutes relative thereto. This question was decided adversely to appellant in the case of In Re Higgins, 194 Miss. 838, 13 So. 2d 839. We held in that case that it is a power implicit in the constitutional establishment of the superior courts of the State that they shall have authority to take such steps as will be necessary to their preservation and protection in the performance of those duties for which they were called into existence by the constitution itself, and that a dependable and trustworthy bar is one feature, perhaps above all others, necessary to the proper performance of those duties. After stating that courts should be left free to act as may in each case seem best, we said in In Re Higgins, supra, that: "They may of their own initiative, and without complaint, set on foot inquiries as to professional conduct

and fitness, or they may in their discretion entertain a complaint received from any source within or without the profession.''

Respondent's third and final assignment of error is that the judgment of the lower court was improper under the evidence of the case. In considering this assignment, it is necessary to determine the applicability and effect of 1942 Code Section 8715. We hold that section applicable to this appeal. The same Code section was considered in the case of Ex Parte Marshall, 165 Miss. 523, 147 So. 791, wherein we held that this Court can review the findings of fact made by the chancellor or circuit judge and we are not bound by such findings on conflicting evidence, and it was there said: ''But this does not prevent the presumption of rightfulness of the decision from being indulged until the contrary appears from a consideration of the whole record.''

A careful consideration of the whole record in this case reveals that there are no grounds to justify our reversal of the chancellor on his finding of facts. Three of the charges were admitted, and the evidence was conflicting on two. We, therefore, affirm the chancellor on all findings of fact.

Respondent's principal contention under this assignment is that shortly after he started practicing law he became involved in a case that resulted in much adverse publicity, and that this adversely affected his practice; that he began to drink excessively; that his home was sold; that under the stress of these circumstances, he committed the wrongs complained of. Respondent testified that in the early part of 1953, he recognized his sins, effected a rebirth of life and character, and went to Texas to rehabilitate himself, and there obtained employment outside the legal field; that after about eleven months in Texas, he returned to Jackson, Mississippi in February, 1954 and resumed the practice of law; that he stopped drinking in the early part of 1953 and since that time has lived honestly and uprightly; that he is

penitent, begs forgiveness, and asks the mercy of the court. By way of mitigation the respondent introduced by agreement affidavits from three Texas residents who gave their opinion that the respondent was sober, attended to his family, and lived honestly while there. Several witnesses testified to like effect, covering the period prior to 1951 and after respondent came back from Texas. All testified that they regarded respondent as being a fit and proper person to be entrusted with the duties and responsibilities of an attorney.

Respondent filed in this Court with his brief 36 affidavits which may be summarized as follows: That before 1951 respondent was of good character and a trustworthy person; that alcohol caused his trouble in life; that he has ceased the use of alcohol, straightened out his life, and is now a person of good moral character and is worthy of being entrusted with the affairs of others as an attorney. Respondent says he has rehabilitated himself and this Court should alter or modify the order of disbarment to one of probation, suspension, or reinstatement. Under the facts and circumstances as disclosed by this record, we would not be justified in modifying, altering, or changing the order of disbarment.

As to whether or not respondent has rehabilitated himself sufficiently to entitle him to be reinstated as an attorney, we are of the opinion that Chapter 121, Laws of 1932, vests in the chancery and circuit courts exclusive jurisdiction to entertain original petitions for reinstatement of a suspended or disbarred attorney. We so held in Ex Parte Marshall, supra. The petition in this case was one for disbarment, not one by respondent for reinstatement. Respondent set out in his answer certain mitigating circumstances and offered proof in support thereof, but reinstatement was not an issue before the lower court. We ought not consider the question of rehabilitation and reinstatement except upon a

record wherein that issue was fully developed by testimony in the court below.

We have given this case full and careful consideration, including the alleged mitigating circumstances, and we are of the opinion that there is no reversible error in the record and that the chancellor ordered the proper discipline. The attorney occupies a unique place in our society; he has great opportunity for useful and honorable service, with an equally great responsibility to maintain the highest standard of professional conduct; he is entrusted with the problems, money, and property of all manner of people, the ignorant and helpless, the rich and the poor; he has many privileges and possesses power not accorded others; the responsibility of administering justice is largely in his hands; his conduct involves the integrity of the courts of which he is an officer, and the good name of the legal profession; and the very essence of his professional function is confidence and trust. One must possess good moral character to enter the practice of law; and to continue in the profession, this standard of moral character must be maintained. Inexperience, weakness, and personal hardship do not excuse conduct inconsistent with common honesty. The practice of law is not a constitutional or natural right, but a revocable privilege. When the conduct of an attorney becomes such that it tends to bring in disrepute the courts and the legal profession and jeopardizes the rights of those who entrust their affairs and money into his hands, he should be disbarred. Such action is necessary for the protection of the public, the courts, and the legal profession. Punishment of such attorney is not the purpose sought to be accomplished by his disbarment.

Affirmed.

All justices concur, except *McGehee, C. J.,* who dissents in part.

McGEHEE, C. J., concurring in part and dissenting in part:

I agree with the majority opinion in holding that the trial court was justified on the evidence then before the court in rendering the decree of disbarment herein appealed from. In fact the appellant admits that at least three of the five charges were sustained by the proof in the trial court and that either one of at least two of the charges was sufficient ground for disbarment. He frankly conceded at the bar of this Court in pleading his own case that this was true, notwithstanding that it had been suggested by counsel for appellee committee that while none of the five charges when considered alone would be sufficient for disbarment, they would be when considered as a whole. And since three of the charges were admitted to be true, and he then conceded that either of two of them was sufficient to justify the decree appealed from, I consider it immaterial as to whether the other three were sufficient or not.

The position of the appellant is that since the occurrence of the transactions on which he was disbarred he has become completely rehabilitated and has been guilty of no violation of the ethics of the legal profession during the past two years; that he is thoroughly repentent for his wrong-doing, and has undergone a complete reformation as to his former habits of intoxication and his concepts of the responsibilities as an attorney; that he has experienced a spiritual reformation and is leading an upright and honorable life; and he has submitted to this Court as exhibits to his brief on appeal approximately thirty affidavits, many of them from resident citizens of the City of Jackson where he lives and only a few of which were before the trial judge at the time he reached his conclusion as to whether or not the accused had become sufficiently rehabilitated to be placed on probation.

It is provided among other things in the last paragraph of Section 26 of Chapter 121, Laws of 1932, creating the Mississippi State Bar that: "The supreme court shall consider the evidence in the case, as disclosed by the record, and such other evidence as it may deem necessary for the administration of justice, and shall decide all questions of law and fact and render final judgment as to the disbarment, suspension, and/or reinstatement, as the case may be. The rule that the supreme court will not reverse the judgment of the lower court on a question of fact unless it affirmatively appears upon the face of the record that the cause was decided contrary to the evidence shall not apply in cases arising under this act, but the supreme court shall be the final judge of the facts, and the judgment to be rendered thereon."

I fully appreciate and have endeavored to properly evaluate the views of the other members of this Court, which I know they have conscientiously expressed, as to what our decision should be on this appeal, but after a prolonged reflection and a consideration of the circumstances which brought about the departure of the appellant from the rule of conduct that should control the activities of a member of the Bar in the relation of attorney and client, I am fully persuaded that this young man should be placed on probation for some fixed period and given an opportunity to prove that he can and will obey the ethics of the legal profession in the future. Moreover, I think that the additional proof in the form of affidavits submitted to this Court under the provision of the statute hereinbefore quoted, and the truth of which affidavits is not challenged by affidavits to the contrary, is sufficient to warrant us in holding that while the trial judge was amply warranted in entering the decree appealed from under the proof submitted to him we would be justified in the exercise of the inherent powers of this Court to modify the decree to the extent of placing the appellant under probation for a fixed pe-

riod of time in order that it may then be determined whether or not the decree should be made final.

I realize that it is not within the power of the Court to render equal and exact justice in every case, and that we can render justice only according to law. However, I think that we can act within the law, and at the same time modify the decree appealed from to the extent hereinbefore mentioned. There are certain considerations which prompt me to reach this conclusion, and which I shall hereinafter mention.

I don't want to be understood as condoning in the slightest degree the conduct of the appellant as complained of in the disbarment proceeding; I base my conclusion upon the belief that the appellant is thoroughly repentent and is not shown to have been guilty of any unprofessional conduct involving moral turpitude within a period of approximately two years prior to the decision of this case. He did wrong, and he frankly admits that he did, and in my opinion his appeal to this Court to be given another chance while on probation is with a broken and contrite heart. I am not certain but that to deprive him of his chosen means of earning a livelihood for his wife and three children would be a punishment greater than the offenses committed would justify under all the facts and circumstances surrounding this case, if it be true that a period of probation would serve the purpose to be achieved.

The appellant is a young man of humble parentage who has been able to obtain his BA and LLB degrees in his preparation for the practice of law. The beginning of his downfall was his acceptance of employment from the Civil Rights Congress in the defense of the noted Willie McGee case, and the unfavorable publicity received in connection therewith was necessarily calculated to almost destroy his chances of receiving employment in other cases, even though it must be conceded that the defendant in that case was entitled to be represented by a member of the bar who was familiar with the practice

and procedure in the courts of this State. During the period complained of in the disbarment proceedings he made collections of money, many of them in small amounts, which should have been applied to the payment of fines for his clients but which he wrongfully and unlawfully used for buying groceries for his wife and children. He should not have been guilty of these acts of dishonesty, and this he readily admits to be the case. He was drinking to excess at that time, and did not attend any Church. All of this is now changed according to the proof before us. I think that one may reform in much less a period than two years, and this Court has decided that one may be reinstated upon proof of rehabilitation. But when we affirm the decree appealed from as written, and he should later make application to a trial court for reinstatement he will be confronted with the fact that this court had before it his proof of reformation and in effect rejected the same. I think that the finding of fact by the trial judge upon the proof then before him should be adjudged by us to have been correct but that we should modify the decree on the basis of the additional proof of rehabilitation and give this young man another chance pending a period of probation on good behavior.