PETITION FOR DISBARMENT OF JAMES LOWREY DENMAN.

No. 39634          April 25, 1955          79 So. 2d 536

*W. W. Pierce,* Jackson, for appellant.

*M. B. Montgomery, George F. Woodliff, Paul G. Alexander, Stokes V. Robertson, Sr., Robert Burns, Erskine W. Wells, Thomas H. Watkins, Jack H. Ewing, Ray Edwards, C. B. Snow, Robert E. Perry, J. C. Stennett,* and *Garner W. Green, Jr.,* Jackson, for appellee.

HALL, J.

This is an appeal from a decree of the Chancery Court of Hinds County permanently disbarring James Lowrey Denman from the practice of law. The lower court found the appellant guilty on three charges brought against him by a committee of the Bar of Hinds County.

The first specification charged the appellant with embezzling approximately $275.00 of money coming into his hands from the sale of some property situated in the City of Jackson, which he was obligated to deliver to the seller, Wilson Green, Sr., an ignorant and illiterate Negro who lived in Yazoo County and who had executed and left with appellant a warranty deed to the property with the understanding that appellant would collect and remit to Wilson Green, Sr., his share of the proceeds. The second specification charged him with giving to Mississippi Title Insurance Company a false certificate of title to property owned by the appellant, which he was selling, in that the appellant knowingly and intentionally omitted from said certificate of title one deed of trust and several judgments which had been duly enrolled against him. The third specification charged that appellant received from his client S. L. Robinson the sum of $100 to be paid over to Wesley D. Taylor or his attorney J. E. Skinner, and that he refused to pay over the same and wrongfully embezzled it.

The chancellor found the appellant guilty on all of the charges preferred. We have carefully reviewed all questions of law and fact, as is our duty under Section 8715 of the Code of 1942, and in our opinion the proof of guilt on all three charges is clear and convincing and abundantly supports the conclusion reached by the chancellor. As to the second specification, it is argued that three judgments which were enrolled against the appellant did not constitute liens against the property since it was his homestead and his equity therein did not exceed approximately $500 in value, and the principal of the deed of trust which he failed to disclose in his cer-

tificate was paid by the appellant at the time of or immediately following the issuance of the title insurance binder. The Title Insurance Company paid the interest on this undisclosed deed of trust in the amount of approximately $11 but was subsequently reimbursed by the appellant. While the second specification, standing alone, might not warrant permanent disbarment, as argued by appellant, nevertheless it is clearly shown that he knowingly and deliberately breached the high obligation due by him in the matter of this certificate of title, and we hold as to the first and third specifications that the embezzling of a client's money is one of the unforgivable breaches of the simple duty owing by an attorney to his client. These duties were discussed in the case of In Re Poole, 76 So. 2d 850, not yet reported in the State Reports.

The judgment of the lower court is therefore affirmed. Affirmed.

All of the justices concur.