## DAVIS *v.* HOLLAND

No. 41577 November 7, 1960 123 So. 2d 850

*Laurel G. Weir,* Philadelphia, for appellant.

*Sanford* & *Alford,* Philadelphia, for appellee.

McELROY, J.

The appellant, Mrs. Ruby Lee Holland Davis, who was at that time Mrs. Ruby Holland, filed a bill of

complaint in the Chancery Court of Neshoba County, Mississippi, on August 15, 1956, suing Billie Holland, the appellee, for a divorce and permanent custody of their 3 year old son, Larry Leo Holland.

The Chancery Court of Neshoba County heard said cause at the regular November 1956 term of court and rendered its decree on November 27, 1956, granting a divorce to Mrs. Ruby Holland and the custody of the minor child, Larry Leo Holland, was awarded in this manner: "Ruby Lee Holland is to have custody of said child for one month beginning December 1, 1956, and Billie Holland is to have custody of said child for one month beginning January 1, 1957, and the custody of said child to alternate between said parties each month thereafter every other month according to this order, and all until further order of this court and this court to retain jurisdiction of the parties and the subject matter involved." No appeal was taken from this order of the chancery court. Apparently there was some understanding as to the custody of the child at that time.

On April 22, 1957, five months after the granting of the decree referred to above, the appellant who had remarried and was now Mrs. Ruby Lee Davis, filed a petition in the chancery court to cite the appellee for contempt of court charging the appellee, among other things, of being an habitual drunkard, violating the criminal laws of the State of Mississippi, threatening the appellant and charging the appellee with abusing said minor child, and as being unfit to have the custody of said child and alleged that changed conditions and circumstances had occurred as to entitle her to a hearing in vacation and that upon said hearing the former decree of the court should be modified giving the appellant full, complete and exclusive custody and control of said minor child. A hearing was held on April 27, 1957, and after said hearing the court rendered its decree that there had been no material change in the condition or circumstances of the parties since the original decree

was signed except that the appellant had remarried and lived in Houston, Texas; and that the appellee was not guilty of contempt of court and ordered the petition for contempt dismissed. The appellant did not appeal from this ruling of the court and nothing further was done until August 1, 1959, when the appellant filed her petition to modify the former decree of the chancery court wherein she charged that she was the most fit and suitable to have permanent custody of said minor child, who had now reached school age of six years, or in the alternative that said child be placed with her during school months. The court heard said cause and rendered its decree on September 5, 1959, wherein he awarded the care, custody and control of said minor child to appellee, Billie Holland, during each regular school term of each school year until further ordered by the court, and further awarded the custody of said child to the appellant during each summer vacation period beginning June 1, 1960, with the right to have said child visit her during the Christmas holidays of each year.

The case is now on appeal from said decree of the Chancery Court of Neshoba County, Mississippi.

It is to be remembered that the Chancery Court of Neshoba County has heard this cause on three different occasions and the only appeal has been from the last decree of the chancery court modifying the former decrees. On each occasion the court has found that appellee, Billie Holland, was a fit and suitable person to have the custody of his minor son.

 Section 399, Code of 1942 Rec., provides, among other things: "The father and mother shall have equal powers and rights, and neither parent has any right paramount to the right of the other concerning the custody of the minor or the control of the services or the earnings of such minor, or any other matter affecting the minor." Thus the statute provides, and our Court has held, that the court may award the custody of a minor to either parent. The best interest of the child,

rather than the selfish desires of the parents is the paramount concern to the court. Neither the father nor the mother has any paramount right over the other concerning the custody of a minor, where such custody would not adversely affect the child's welfare. Boswell v. Pope, 213 Miss. 31, 56 So. 2d 1; Kennedy v. Kennedy, 222 Miss. 469, 76 So. 2d 375, Sug. of Error overruled in part 222 Miss. 474, 76 So. 2d 850; Scott v. Scott, 219 Miss. 614, 69 So. 2d 489; Bland v. Stoudemire, 219 Miss. 526, 69 So. 2d 225; McManus v. St. Dizier, 174 Miss. 344, 164 So. 407; Conrad v. Fountain, 202 Miss. 237, 30 So. 2d 803.

In Bland v. Stoudemire, supra, the Court held each case of this kind must rest upon its own facts and circumstances, always keeping in mind that the welfare of the child is of paramount importance. The chancellor had the advantage of having heard the case when the divorce was granted as well as having the parties before him.

In Boswell v. Pope, supra, the Court held: "Neither father nor mother has any paramount right over the other concerning the custody of a minor, where such custody would not adversely affect the child's welfare. Code of 1942, Sec. 399. The paramount consideration is the child's welfare. And the chancery court has a broad discretion in determining that factual issue. Code Sec. 2743." In other words, what did the best interest of the child then require?

The case is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.