ALLEN *v.* ALLEN

No. 42128 January 22, 1962 136 So. 2d 627

*J. E. Smith,* Carthage, *Zack Van Landingham,* Jackson, for appellant.

*Harold W. Davidson,* Carthage, for appellee.

ETHRIDGE, J.

Appellant and appellee were domiciled in Oklahoma at the time the wife obtained a divorce with personal

process on her husband. At her petition the Oklahoma decree gave the husband custody of their son. The child with his father was physically absent from the state at the time of the divorce and custody decree. The principal question is whether that decree is entitled to full faith and credit in this habeas corpus proceeding brought in Mississippi by the former wife; in other words, whether the Oklahoma court had jurisdiction to award custody of the child domiciled in that state but physically outside of it. We think it did.

Appellant, Charles R. Allen, and appellee, Mildred Parker Allen, were residents of Leake County, Mississippi, when they married on February 9, 1952. In January 1955, they moved to the State of Oklahoma, and lived there for several years. Their minor son, Phillip Dennis Allen, was born on February 25, 1958. The couple began having marital difficulties. Mildred Allen filed in the District Court of Carter County, Oklahoma, a petition for divorce on the ground of incompatibility. Her petition averred: "That the plaintiff and defendant have reached a friendly agreement concerning the custody of said minor child; defendant will have full and complete custody of said child; plaintiff is to have reasonable visitation rights with said minor child."

The defendant executed a waiver of summons and right to answer, and entered a general appearance. On November 23, 1959, the Oklahoma District Court executed a decree granting plaintiff a divorce. It recited entry of appearance by defendant, and that plaintiff "was and had been an actual resident in good faith of this State for more than one year next preceding the filing of this petition." It ordered that "defendant have the complete care and custody" of the minor child Phillip, with plaintiff, Mrs. Allen, having reasonable rights of visitation.

Prior to the divorce decree of November 23, 1959, the parties separated on September 6, at which time

Mr. Allen and the child went to Mississippi, and after that Phillip never returned to the State of Oklahoma. Mrs. Allen at the time of the Oklahoma divorce and custody decree was a resident and domiciliary of Oklahoma. The undisputed evidence further reflects that at that time Mr. Allen's domicile was in Oklahoma. He testified that at the time he and his wife separated and on the date of the decree his domicile was in Oklahoma. After the separation he made a trip with Phillip to his parents' home in Mississippi. He was confused and did not know what to do. He wanted to get Mrs. Allen's parents to persuade her to live with him. He was asked whether he had any intention of establishing Mississippi as a permanent home or domicile. He replied that he had no permanent intentions at all at that time, but that since his second marriage he has decided to stay in Mississippi. When the divorce decree was rendered, he did not know what he was going to do, and had no immediate plans. He had not changed his domicile from Oklahoma to any other state. He kept an Oklahoma license tag on his car until April 1960, and retained his registration as a voter in Oklahoma during that time. He stated categorically that he was domiciled in Oklahoma when the decree was granted.

After Allen returned to Mississippi in September 1959, under these stated circumstances, he lived with his parents for a while. Phillip lived there with him, near Carthage, and also spent a good bit of time with the maternal grandparents, who lived in the same community. Before the decree Mrs. Allen's father drove with appellant to Oklahoma to attempt a reconciliation, which failed. After the decree, Mrs. Allen moved to Fort Worth, Texas. Her parents made a trip there to persuade her to become reconciled with her former husband, but that failed. Appellee returned home for a visit on Christmas, but lived in Texas until May 1960. She moved to Jackson, Mississippi, in June 1960, and worked

several months, visiting her parents and Phillip in Leake County on weekends.

In September 1960, Mrs. Allen returned to Leake County to live with her parents. Between that time and the filing of the instant petition for a writ of habeas corpus, on November 22, 1960, Mr. Allen permitted Phillip to stay much of the time with his mother and his maternal grandparents. Since the child returned to this state, he visited about half the time with his paternal grandparents and his father in the formers' home, and the remainder with his maternal grandparents. Charles Allen was working in Jackson, a short distance from Leake County, and went home often at nights and on weekends to be with Phillip.

In November 1960, Allen became engaged to marry a widow, and they were married on November 23, 1960. Several days before that event, appellant came to the home of Mrs. Allen's parents, where Phillip was staying with his mother, and over protest took him to Jackson. Since appellant's remarriage, he, his wife, and her two children by her prior marriage (a son fifteen years of age and a daughter 13) are living in a comfortable rented home in Jackson. Appellant drives a laundry pickup and delivery truck. His second wife is a technician and bookkeeper for a dentist. She testified that she loves Phillip, will do everything she can for him, and wants him to live with his father and her. She and Mr. Allen have made arrangements by which, on the four weekdays she works, he will stay with a registered nurse who operates a small nursery for four or five children near their home. Their income is ample to care for Phillip. Appellee, Mrs. Mildred Allen, is living with and is supported by her father, in Leake County. She has no job or source of income other than her father, but she has been studying at a secretarial school.

After Allen took Phillip with him to Jackson, and on November 22, 1960, appellee filed in the Circuit Court

of Leake County a petition for writ of habeas corpus, charging that defendant was unlawfully detaining their child in his custody; it was to Phillip's best interest that he should be with his mother, since he was under three years of age; and she was informed Allen planned to remarry and move out of the state. Defendant answered, with denials, and pleaded as res judicata the 1959 Oklahoma divorce and custody decree.

The petition did not specifically refer to the Oklahoma decree. It charged that defendant had no valid decree from any court giving him custody of the child. It did not aver any material changes in circumstances since the decree. After a lengthy hearing the circuit court held that the Oklahoma judgment was not res judicata, because the child was not in that state at the time of rendition. The court found both the parents to be of good moral character, but the best interest of the child warranted an award of custody to the mother to be kept at the home of her parents in Leake County.

*First.* The primary issue is whether the divorce and custody decree of the Oklahoma District Court, dated November 23, 1959, was res judicata, under the full faith and credit clause, U. S. Const., Art. IV, Sec. 1, as to facts and circumstances existing at the time of its rendition. We think it was.

According to the undisputed testimony, both Mr. and Mrs. Allen's domiciles were in the State of Oklahoma on the date of that decree. Appellee at her own instance petitioned for the divorce and asked that custody be vested in appellant. Although the child was with his father, at the time of judgment, in the State of Mississippi, Mr. Allen's domicile and therefore that of the child was in the State of Oklahoma. He and his wife had separated only two months before; he was upset and disturbed about it, and wanted to get her parents to help with a reconciliation. He had not decided upon a change of domicile, and in fact retained an Oklahoma

license tag on his car and his voter's registration in that state.

■■ ■ Ordinarily the domicile or legal residence of a minor child is the same as that of the father, but where the parents separate, the child usually takes the domicile of the parent with whom it lives in fact. A. L. I., Rest., Conflicts of Laws, Secs. 30, 32; Leflar, Conflict of Laws (1959), Sec. 12. Since the child was in the actual custody of the father, his domicile was the same as the father's, who retained his domocile in Oklahoma. Thus the child was domiciled there. The status as to his custody was a thing or res within the jurisdiction of the Oklahoma court. The judgment awarding custody was a proper exercise of judicial power. Beckmann v. Beckmann, 358 Mo. 1029, 218 S. W. 2d 566, 9 A. L. R. 2d 428 (1949); A. L. I., Rest., Conflicts of Laws, Secs. 144-148.

■■ ■ Defendant entered an appearance, so we are not concerned with the effects of a custody decree where there is process by publication or serious doubt as to the domiciles of the parties. Accordingly, jurisdiction is "reached easily where both parents have a domicile within the divorce state but the defendant has the child with him temporarily in another jurisdiction when the action is brought." 2 Beale, Conflict of Laws (1935), Secs. 144.3, 147.1; 17A Am. Jur., Divorce and Separation, Sec. 811; Beckmann v. Beckmann, 358 Mo. 1029, 218 S. W. 2d 566, 9 A. L. R. 2d 428 (1949). In short, the fact that the child is physically outside the state did not limit the power of the Oklahoma court to make an award of its custody where its domicile was in that state. 27B C. J. S., Divorce, Sec. 303, pp. 427-432. Once having acquired jurisdiction of the person of the defendant or of the child, the removal of the child from the jurisdiction prior to the decree does not deprive the court of its jurisdiction to fix his custody. 27B C. J. S., Divorce, p. 432; see also Bunkley and Morse's Amis Divorce and Separation in Mississippi (1957), Sec. 8.08;

Anno., 9 A. L. R. 2d 434 (1950), Jurisdiction of Court to Award Custody of Child Domiciled in State but Physically Outside It. Although there are variations under particular circumstances, the well-recognized general rule is stated (9 A. L. R. 2d at 454) as follows:

"A decree awarding custody of a child, or modifying a prior decree in this respect, will be considered binding and recognizable in another state where at the time of its rendition the child was domiciled in the state of the decree, and consequently the court of that state had jurisdiction even though the child was physically outside such state at this time."

The earliest Mississippi case on the point is Wells v. Andrews, 60 Miss. 373 (1882). Directly in point on the present issue is Cole v. Cole, 194 Miss. 292, 12 So. 2d 425 (1943). The parties were formerly husband and wife in the State of Missouri. After separation of about six months, the husband removed to Warren County, Mississippi, and, with the mother's consent, took with him their three children. She filed a divorce suit in Missouri while the husband was still there, and personal process was served on him. About a year later she obtained a divorce decree in that Missouri action. It granted her the full custody of the children. She subsequently filed a petition for a writ of habeas corpus in the County Court of Warren County, Mississippi, relying on the Missouri decree, and seeking custody of the children. This Court affirmed a judgment based upon the Missouri decree, and said:

"It is true that the general rule is that in order that a decree or judgment awarding the custody of children shall be valid, the child or children must be within the territorial jurisdiction of the court . . . . At the same time the rule is, further, that when a court has once acquired jurisdiction of the children, their removal from the jurisdiction prior to the decree does not deprive the court of jurisdiction to fix their custody. . . .

"The result is that the children having been residents of Missouri at the time the suit for divorce and for their custody was instituted and service there had on the husband, the subsequent decree in Missouri was as fully effective as had the children been there at the time of the rendition of the decree or judgment, and, in consequence, must be given full faith and credit here. And it cannot be set aside or modified here in the absence of a showing that the conditions or circumstances have so changed since the rendition of that decree as to make a modification necessary or proper. But the evidence, instead of showing any change, discloses without dispute that there has been no such change, or any change at all, since the rendition of the Missouri judgment."

Beale's analysis is in accord with this view. 2 Beale, Conflict of Laws (1935), Sec. 144.3. To the same effect are Talbot v. Talbot, 120 Mont. 167, 181 P. 2d 148 (1947); In Re Memmi, 80 Cal. App. 2d 295, 181 P. 2d 885 (1947); Stephens v. Stephens, 53 Ida. 427, 24 P. 2d 52 (1933); Clothier v. Clothier, 33 Tenn. App. 532, 232 S. W. 2d 363 (1950); Bourn v. Hinsey, 134 Fla. 404, 183 So. 614 (1937).

Steele v. Steele, 152 Miss. 365, 118 So. 721 (1928), upon which appellee relies, is distinguishable. There the Louisiana custody decree was awarded without personal service upon the wife or voluntary appearance by her. It was noted that neither the mother nor the child at the time of the Louisiana decree of divorce were within the jurisdiction of that state. After the separation, she moved to Mississippi with the child and changed her domicile.

 In summary, we conclude that the general rule followed in *Cole* is controlling here, that it is logical and consistent with the salutary purposes of the full faith and credit clause. When a court has once acquired jurisdiction of a child, with the parents' domicile being in that state, his removal from the jurisdiction prior

to the decree does not deprive the court of jurisdiction to fix his custody. Hence the Oklahoma judgment was a valid adjudication as to custody of Phillip Allen.

■■ ■ Moreover, appellee was the moving party in obtaining that decree, which adopted her custody agreement with her then husband. It is therefore proper that she should be estopped to attack collaterally jurisdiction of the Oklahoma court to make an award of that nature, after she sought such a decision. 17A Am. Jur., Divorce and Separation, Sec. 994, p. 178; 27B C. J. S., Divorce, p. 427.

■■ ■ *Second.* The remaining question is whether there was a material change in circumstances which would warrant modification of the Oklahoma decree. For several reasons, we think there was not. Appellee did not make any such allegation in her petition, and the trial court did not find that one existed. Further, the change of condition has been the remarriage of Mr. Allen. Generally the remarriage of either party is not of itself a sufficient reason for changing an order of custody. 17A Am. Jur., Divorce and Separation, Sec. 840. However, if remarriage and other circumstances reflect a material change in conditions which affect the welfare of the child, a prior decree may be modified or altered. Anno., Remarriage of Parent as Ground for Modification of Divorce Decree as to Custody of Child, 43 A. L. R. 2d 363 (1955); Boswell v. Pope, 213 Miss. 31, 56 So. 2d 1 (1952); Bland v. Stoudemire, 219 Miss. 526, 69 So. 2d 225 (1954).

■■ ■ In the instant case, even if appellee had pleaded and made an issue on that point we do not think the facts would warrant modification of the Oklahoma judgment. The only change is appellant's remarriage. His new wife has two children of her own; they have a good home and appellant and his wife love Phillip and are anxious to have his custody. On the other hand, appellee in her own divorce position agreed to custody

ın appellant. She is living with her parents with no other source of income. Appellant's remarriage does not alter his right to Phillip's custody as adjudicated by the Oklahoma court. Examining the matter in the light of the pertinent rules and the best interest of the child, appellant appears to be in a better position to adequately care for his son now than in 1959. Hence the decree of the circuit court will be reversed. Judgment is rendered here dismissing with prejudice appellee's petition.

Reversed and judgment rendered for appellant.

*McGehee, C. J.,* and *Kyle, Gillespie,* and *Jones, JJ.,* concur.