SHOFFNER *v.* SHOFFNER

No. 42314 October 1, 1962 145 So. 2d 149

*Philip Mansour*, Greenville, for appellant.

No attorney for appellee.

KYLE, J.

This case is before us on appeal by Albert Jackson Shoffner, Jr., from a decree of the Chancery Court of Washington County, awarding the custody of two minor children born of the marriage of the appellant and the appellee, Lee Shoffner, to the appellee.

The record shows that at the March 1959 term of the Chancery Court a decree was entered awarding to the appellee a divorce, and a consent decree was entered awarding the custody of the two minor children, Lee

Elaine Shoffner, age 2½ years, and Deboran Ann Shoffner, age 11½ months, to the mother, with right of visitation by the father, and also directing that the appellant pay to the appellee the sum of $60 per month for the support of said minors. On March 8, 1961, the appellee filed a bill to modify the former decree by increasing the support payments thereunder because of change in the conditions and circumstances of the parties since the rendition of the final decree. The appellant, in response to the bill to modify, filed an answer and cross bill. In the answer the appellant denied that there had been any change in the conditions and circumstances as to child support and prayed that the bill of the appellee be dismissed. In his cross bill the appellant alleged that since the entry of the former decree the appellee, by her conduct, had fully demonstrated that she was not a fit and proper person to have the care and custody of the minor children, and he prayed that the former decree be modified by awarding to him the full custody of the minor children, reserving to the appellee the right of reasonable visitation.

After a full hearing, the chancellor declined to modify the original decree, as prayed for in the appellant's cross bill, to the extent of taking the entire care and custody of the children, ages 3 and 5 years, respectively, from the mother. The chancellor stated that in his opinion the mother's course of conduct, since the rendition of the original decree, did not justify such drastic action, that the evidence did not convince the court that the appellee was totally unfit to share in the care and custody of the children. The chancellor thereupon entered a decree ordering that the mother be granted the custody of the children, provided however, that the father should have the partial custody of the children from 9 o'clock on Saturday morning until 8 o'clock on Monday mornings on each succeeding week-end, and that the father should have the right of reasonable visitation with the

children while they were in the custody of their mother. The chancellor found that the financial condition of the father had not so materially changed as to justify an increase in the support allowance of $60 per month for the support of the children; but the chancellor ordered that the father pay all medical expenses incurred by the children since the decree of divorce was rendered and all future medical bills for the children. From that decree the appellant has prosecuted this appeal, and has assigned as error the court's refusal to award custody of the two minor children to him.

After a careful examination of the testimony offered on behalf of the respective parties, we have concluded that the learned chancellor was manifestly wrong in his finding that the appellee's course of conduct since the rendition of the original decree did not justify a modification of the original decree as prayed for in the appellant's cross bill.

The testimony shows that after the rendition of the original decree in March 1959, the appellee, the two minor children involved in this controversy and an older child of the appellee by a former marriage lived with the appellee's mother, that both the appellee and her mother worked during most of the time as waitresses in various cafes located in the City of Greenville, and the children were cared for during much of the time by maids employed for that purpose. The testimony also shows that during the 2½-year period of time which elapsed between the rendition of the original decree and the date of the hearing on the bill and cross bill to modify that decree, the appellee and her mother, along with the three children, moved their places of residence within the City of Greenville six or eight times; that during the summer of 1960 the appellee left the children with her mother and traveled over the country for a period of several weeks selling magazines; that soon after the appellee left Greenville her mother suffered a heart attack and

was carried to the hospital, and with the consent of the appellee's mother the two children of the appellant, along with the appellee's child by a former marriage, were taken by the appellant to his home and cared for; that after the appellant's mother was discharged from the hospital she too left Greenville temporarily, and the children remained in the care of the appellant and his second wife for a period of approximately three months. The testimony also shows that the appellee returned to Greenville on two separate occasions during that period of time, but remained in Greenville for only a day or two on each visit.

The testimony shows without contradiction that the appellee, during the month of February 1960, was arrested at approximately 5 o'clock A.M. in a motel in the City of Greenville in a room occupied by a traveling salesman whose name she did not know; that the appellee was placed in the city jail and was released approximately one hour later only after a cash bond was deposited for her by the man who occupied the motel room with her; that the appellee was charged with disorderly conduct and failed to appear for trial in the city court; and that a forfeiture was taken on the bond.

The testimony relating to the condition of the appellant and his fitness to have the custody of his children shows that he is a veteran of World War II, 31 years of age, and has been a life-long resident of the City of Greenville; and that he has been regularly employed and self-supporting since he was 19 years of age; that he owns his own home in the City of Greenville, which appears to be a modern and comfortable home; that since the rendition of the first decree he has married again and has one child by his second marriage. His present wife testified that she loved the two children of the appellant's first marriage very much, that she had cared for them during the three months' period while the appellee was away from Greenville, and that she was

willing to take the children in her home and care for them as her own. The testimony further shows that during the time that the children were with the appellant they were very happy; that the appellant took the children to Sunday School regularly, and that he enrolled the appellee's boy, who was not his child, in a private kindergarten.

Section 399, Code of 1942, Rec., provides among other things, as follows: "The father and mother shall have equal powers and rights, and neither parent has any right paramount to the right of the other concerning the custody of the minor or the control of the services or the earnings of such minor, or any other matter affecting the minor." Thus the legislature has provided that the custody of a minor may be awarded to either parent; and this Court has held in many cases that, █ in a contest between the parents for the custody of a minor child, the best interest of the child, rather than the selfish desires of the parents, is of paramount concern to the court. Boswell v. Pope, 213 Miss. 31, 56 So. 2d 1; Kennedy v. Kennedy, 222 Miss. 469, 76 So. 2d 375, Sug. of Error overruled in part, 222 Miss. 474, 76 So. 2d 850; Scott v. Scott, 219 Miss. 614, 69 So. 2d 489; Bland v. Stoudemire, 219 Miss. 526, 69 So. 2d 225; McManus v. St. Dizier, 174 Miss. 344, 164 So. 407; Conrad v. Fountain, 202 Miss. 237, 30 So. 2d 803; Davis v. Holland, 239 Miss. 514, 123 So. 2d 850.

In Boswell v. Pope, supra, the Court said: "Neither father nor mother has any paramount right over the other concerning the custody of a minor, where such custody would not adversely affect the child's welfare. Code of 1942, Sec. 399. The paramount consideration is the child's welfare." The Court in that case, as in other cases, stated that the chancery court had a broad discretion in determining that factual issue, but the court in that case reversed the decree of the chancellor and awarded the custody of the child to the appellant

on the ground that the care of the mother was necessary for a child of such tender age that the appellant was in good health and could give to the child her full time as a mother, and that the appellant was of good moral character. In Brown v. Brown, 237 Miss. 53, 112 So. 2d 556, the Court again reversed the decree of the chancellor upon a finding that there was no evidence in the record indicating that the appellant had abandoned or neglected her little girl or that she was unfit in any way for her custody.

Judge Amis, in summarizing the rules by which the court should be guided in determining the issue as to custody between parents, in Section 214, pp. 288 and 289, of his book on Divorce and Separation in Mississippi, says: "The best interest of a child requires, not only that it be physically well cared for, but also that it be properly trained, mentally and morally, to discharge the duties and responsibilities of citizenship when it reaches its majority. * * * So in determining which of two persons should have the custody of a child careful inquiry should be made touching the character and habits of each of them, as well as the environment it would be placed in if awarded to either."

The appellee, although duly summoned to appear and answer the appeal in this cause, has neither appeared nor filed a brief.

 The testimony in our opinion clearly shows that the best interest of the two children requires that the decree of the lower court be reversed and that the custody of the two children be awarded to the appellant, with reasonable rights of visitation by the mother. The decree appealed from is therefore reversed and judgment will be entered here awarding custody of the two minor children involved in this controversy to the appellant, and remanding the cause to the lower court to determine reasonable rights of visitation by the mother. The judgment thus rendered will be subject of course

to the right of the chancellor to make proper changes in the custody of the children hereafter in the event of changed conditions affecting the welfare and best interest of the children.

Reversed and judgment rendered in favor of appellant, and cause remanded.

*McGehee, C. J.,* and *Ethridge, Gillespie* and *Jones, JJ.,* concur.