300 So.2d 802 (1974)
Mrs. Carol Ann CASE
v.
Edwin E. STOLPE, Jr.
No. 47712.
Supreme Court of Mississippi.
September 23, 1974.
Rehearing Denied October 14, 1974.
*803 Barnett, Montgomery, McClintock & Cunningham, Ross Barnett, Jr., Jackson, for appellant.
Jones & Patterson, Brookhaven, for appellee.
RODGERS, Presiding Justice.
Mrs. Carol Ann Stolpe Case and Edwin E. Stolpe, Jr. were married in 1964. Lisa Ann Stolpe, now nine (9) years of age, was born to the wedlock. Mrs. Stolpe had been previously married, and Gordon Roy Miller, age ten (10) years, the child of her first husband, is now in her custody.
The appellee and appellant were divorced by decree of the Chancery Court of Copiah County, Mississippi, January 18, 1966. Mrs. Stolpe was granted custody of Lisa Ann Stolpe. Mr. Stolpe was granted reasonable visitation rights and required to pay thirty dollars ($30.00) per month support for their child.
On September 2, 1971, the original decree was modified so as to fix the dates of visitation rights of Mr. Stolpe at Christmas time and four (4) weeks in each summer. The appellant was required to enter into a one thousand dollar ($1,000.00) bond for the faithful performance of the agreed decree.
In January, 1972, the appellee filed a petition asking the court to modify the last agreed decree because he alleged in his petition that the appellant, his former wife, had left the state in order to live in adultery with one Danny Case. Although he admitted in his testimony that he had been guilty of adultery, nevertheless, he charged that his former wife was not a fit and proper person to have the care and custody of their eight-year-old daughter. The appellant denied the charge in her answer.
The testimony shows that the appellant had written a letter to Danny Case, who was then married, and he had written a letter to her, but neither letter was delivered. She left Mississippi and went to Tucson, Arizona, and later to Henderson, Nevada. About two weeks later Danny Case called her. She knew he had "quit his wife," but said that there was no plan to marry when she left Mississippi. Case was divorced in Nevada. Carol Ann Stolpe and Case were married immediately after Case was divorced. They bought a home and Case went into business repairing filling stations for oil companies. Mr. Case makes an average of six hundred dollars ($600.00) per month. They have a three-bedroom two-bath home. Mr. Stolpe has remarried. He lives with his wife and two children in a mobile home on his father-in-law's property. The appellee is away from home every other week. He cannot drive his automobile because his driving license was revoked because he was convicted of driving under the influence of intoxicating liquor.
The chancellor modified his last decree so as to award the custody of Lisa Ann Stolpe to the mother, Carol Ann Case, for nine (9) months each year or until two (2) days after the regular school term, at which time the mother is required to bring the child to Edwin E. Stolpe, Jr. at her expense. He will have custody of the child until two (2) days before the regular school term, when he will return the child to its mother in Colorado at his expense. The court also required the mother to deliver the child to Mr. Stolpe in Mississippi each Christmas. Mrs. Case is required to pay the travel expense of the child to Mississippi, and Mr. Stolpe is required to pay the travel expense to return the child to Colorado. Mr. Stolpe is required to pay Mrs. Case thirty dollars ($30.00) per month for nine (9) months each year. Mrs. Case was required to post a five thousand dollar ($5,000.00) ne exeat bond *804 for the faithful performance of the court decree.
On appeal to this Court, the appellant, Mrs. Carol Case, contends that she should not be required to pay the travel expense of Lisa Ann Stolpe; that she should have been awarded the permanent custody of Lisa Ann with visitation rights reserved for her father, Edwin E. Stolpe, Jr.; and that it is not to the best interest of their child for it to be required to spend a fourth (1/4) of its time away from its mother and little friends, particularly in view of the fact that the father is employed away from home every other week. Mrs. Case also contends that the ne exeat bond of five thousand dollars ($5,000.00) is excessive and should be abolished or reduced.
The appellee, Edwin E. Stolpe, Jr., cross-appealed and now contends that the chancellor was in error in failing to award permanent custody of their minor child to appellee.
At the outset, it will be remembered that this Court in Cassell v. Cassell, 211 Miss. 841, 52 So.2d 918 (1951), has said that:
"The rule, which requires an affirmance of the decree of the trial court, where the evidence is conflicting, and where such decree is sustained by substantial evidence, is not applicable here. As was said by us in Eggleston v. Landrum, 210 Miss. 645, 50 So.2d 364, 367, `On this appeal, in review, we sit as chancellors'." 211 Miss. at 849, 52 So.2d at 922.
We said in Boswell v. Pope, 213 Miss. 31, 56 So.2d 1 (1952):
"Neither father nor mother has any paramount right over the other concerning the custody of a minor, where such custody would not adversely affect the child's welfare. Code of 1942, Sec. 399. The paramount consideration is the child's welfare. And the chancery court has a broad discretion in determining that factual issue. Code Sec. 2743. But that discretion should be exercised in the light of an established rule of this and other courts in such cases. It is well stated in Amis, Divorce and Separation in Mississippi (1935), Sec. 219, page 296: `In all cases where any child is of such tender age as to require the mother's care for its physical welfare it should be awarded to her custody, at least until it reaches that age and maturity where it can be equally well cared for by other persons.'" 213 Miss. at 37-38, 56 So.2d at 3.
See also Shoffner v. Shoffner, 244 Miss. 557, 145 So.2d 149 (1962); Davis v. Holland, 239 Miss. 514, 123 So.2d 850 (1960); Bland v. Stoudemire, 219 Miss. 526, 69 So.2d 225 (1954).
We have often held that it is not in the best interest of a small child to be shifted from parent to parent. Brocato v. Walker, 220 So.2d 340 (Miss. 1969); Kennedy v. Kennedy, 222 Miss. 469, 76 So.2d 375 (1954), overruled in part on other grounds, 222 Miss. 474, 76 So.2d 850 (1955).
The general rule is that a child of tender years should be with its mother, unless she is an unfit person to have its care and custody. In Sistrunk v. Sistrunk, 245 So.2d 845 (Miss. 1971), the little girl was six years old.
The appellant contends that the appellee and cross-complainant did not show any change in the conditions existing at the time the last decree was entered awarding the custody of their minor daughter to appellant. On the other hand, appellee contends that the appellant has been guilty of adultery; that she left Mississippi to marry a man who was getting a divorce from his Mississippi wife in Nevada; that although appellee has been guilty of adultery, he has quit getting drunk and has quit racing automobiles; that he has married again and is living in a mobile home on his father-in-law's land; that he now has two children by his second wife; and that he comes home every other week.
*805 The mother, Mrs. Carol Ann Stolpe, says in her answer to the original bill that "[t]he Respondent is more than willing to allow the minor child to visit with her father during the summer months and at other times this Court may see fit, since the Respondent wants the minor child to know and love and respect her father as such."
An examination of the record in this case convinces us that there is actually no material change in the condition of the parties since the former decree of the chancery court, except that the parties live many miles apart. New arrangements must be made, therefore, so that the child may be permitted to visit in the home of her father in the summer. The permanent custody of Lisa Ann Stolpe was properly awarded to her mother, Mrs. Carol Ann Case. The ne exeat bond required by the chancellor will remain in effect until it appears to the chancellor that it is excessive under new circumstances. In view of the willingness of the mother to have her daughter visit with her father, we have reached the conclusion that the decree of the trial court should be affirmed, but modified in the following particulars.
It is approximately eleven hundred (1,100) miles from the mother's home to the home of the father, and we are of the opinion that it is not in the best interest of Lisa Ann Stolpe to be required to make a twenty-two hundred (2,200) mile round trip in the middle of winter during Christmas time in order to satisfy the desires of the father to have her in his home at Christmas time. The Christmas visit is hereby eliminated.
We also hold that the father of Lisa Ann Stolpe is to have custody of Lisa Ann for a period of one month during each summer at a time most convenient for the welfare of the child, and that the father is required to pay each month to the mother the child support fixed by the chancellor, except for the month when Lisa Ann Stolpe is with her father.
It was said in Bassett v. Sims, 220 Miss. 210, 70 So.2d 530 (1954), quoting Amis, Divorce and Separation in Mississippi § 214, at 289 (1935):
"`Because since the good of the child is the chief concern of the court, no award will be made to one party merely as a reward for former virtuous conduct, nor denied to the other as a punishment for past misdeeds. For it sometimes happens that one who, under the lure of strong temptation, has greviously sinned, has yet repented and reformed and would train a child as wisely and well as if no such transgression had ever occurred. Nor should a parent be denied the custody merely because of adverse rumors or reputation without any proof of immoral acts, or of conduct which would reasonably indicate it.'" 220 Miss. at 218-219, 70 So.2d at 534.
In all other respects the decree of the chancery court will be affirmed.
Affirmed as modified.
SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.