Jennings K. Owens et al., Executors, *v.* Martha W. Waddell.

[39 South. Rep., 459.]

1. Chancery Practice. *Demurrer. Jurisdiction. Trial in vacation.*

A demurrer to a bill in equity or petition assigning generally that the court was without jurisdiction of the cause does not raise the question of the power of the chancellor to hear the case in vacation, in pursuance of an order made in term time, with sufficient clearness to justify a reversal, where the demurrant made no objection to the hearing, but, his demurrer being overruled, answered and proceeded to trial on the merits.

2. Wills. *Construction. Suits to obtain. Code 1892, §§ 1922, 1961.*

A legatee who is given a "comfortable support" during her lifetime, to begin immediately upon the testator's death, may file a petition in equity for the construction of the will and the determination of the amount to be paid her by the executors, without regard to:

(*a*) Code 1892, § 1922, prohibiting the bringing of an action against an executor until after the expiration of six months from the date of his letters; or

(*b*) Code 1892, § 1961, authorizing a legatee to petition for his legacy at any time after the expiration of twelve months from the grant of letters testamentary.

From the chancery court of Holmes county.

Hon. James F. McCool, Chancellor.

The appellee, Mrs. Waddell, was the complainant or petitioner in the court below; the appellants, Owens and others, executors, were defendants there. From a decrée in favor of the complainant or petitioner the defendants appealed to the supreme court.

One Albert G. Owens died March 7, 1905, leaving neither children nor descendants of children. He owned at the time of his death considerable property, most of which he had inherited from his wife, who died several years before. His will, which was duly probated, named appellants as executors without bond, and, after making other special bequests, made them residuary legatees. The will charged the executors to "provide comfortable support" for his mother-in-law, Mrs. Waddell, during her life, out of his estate. Mrs. Waddell was eighty-eight years old, in feeble health, partially paralyzed, and in constant need of medical attention and nursing. The will was probated March 20th, and the probation was confirmed by the court May 23, 1905. On May 9th, while confirmation was pending, appellee filed her petition asking the court to construe the will and fix the amount which the executors were to pay for her support, setting forth the fact that only ten dollars had been paid towards her support since the death of the testator. At the May term this petition came on to be heard at the same time with the motion to confirm the action of the clerk in vacation in probating the will. No final action was taken, however, the court directing the executors to be cited to appear before the chancellor in vacation on June 17, 1905. The citation was duly served, and the attorneys for the executors were present on the return-day of the writ and demurred to the petition, assigning the following causes:

(1) That the court was without jurisdiction to entertain the petition or grant the relief prayed for; (2) that the petition and action were brought less than six months from the date of letters

testamentary, contrary to Code 1892, § 1922; (3) that the peti-
tion seeks to set forth a claim to a legacy before the expiration of
twelve months from the grant of letters testamentary, contrary
to Code 1892, § 1961.

The court overruled the demurrer, an answer was filed, testi-
mony was taken, and a decree was rendered, fixing the amount
at fifty dollars per month for the support of the petitioner, to
be disbursed by the clerk and accounted for, with proper vouchers
to be submitted to the court.    No application was made for fur-
ther time to plead or to take depositions.

*Hooker & McBee,* for appellants.

The chancellor had no jurisdiction to entertain the petition or
to grant the relief therein prayed for.    It is true that the chan-
cellor is by law vested with the power of determining certain
matters in vacation, but upon what terms and conditions can
these matters be heard and determined?

No suit or action can be brought against an executor or admin-
istrator within six months from date of grant of letters testa-
mentary.    Code 1892, § 1922.

The petition in this cause was filed on the 9th day of May,
1905—just two days over two months after the death of the tes-
tator, or about six weeks after the grant of letters testamentary.
*Reedy* v. *Armistead,* 31 Miss., 353; *Anderson* v. *Newman,* 60
Miss., 532; *Rosenthal* v. *Enevoldson,* 61 Miss., 535.

In support of the ground of demurrer that the petitioner is a
legatee under the last will and testament of Owens, and not
entitled to bring her action against appellants, we cite the follow-
ing: Code 1892, § 1961.

That a party receiving a "comfortable support" under a will
is a legatee, see 18 Am. & Eng. Ency. Law (2d ed.), 709, 710.
"A legacy, given under a will in the form of an annuity, or as a
regular income for life, follows the general rule as to the time

when the executors must pay it." Schouler on Extrs. and Admrs., art. 478, p. 548.

"An annuity is a legacy." *Heatherington* v. *Lewenberg,* 61 Miss., 372.

*Noel, Pepper & Elmore,* for appellee.

Courts of chancery under our constitution and laws have full probate jurisdiction. It is true that sec. 1838 of the code requires executors to follow the directions of the will; but it does not leave to them unlimited discretion as to their action, for they are to be guided and governed by the will, as construed by the court. This section and the whole chapter are modified by a clause of that section which reads: "The provisions herein contained shall not so operate as to require the executor to pursue a different course from that prescribed in the will, if it be lawful." This extract shows that the chapter on executors and administrators is not intended to alter, materially, the well-known principle that the will, as construed by the court, is the law which governs the conduct and actions of executors.

This proceeding is not premature by sec. 1922 of the code, prohibiting suits against executors, until after six months from the date of letters. The purpose of this statute and its reason for existence is to allow executors a reasonable time within which to familiarize themselves with the assets and liabilities of the estate and the facts upon which are based demands against the testator, so as to prepare for defense, if necessary. This statute was first passed on in the case of *Breckinridge* v. *Mellon,* 1 How. (Miss.), 273, wherein it was sought to revive against the executor a suit instituted against the testator. This court held that a proceeding to revive a suit was not such an action as was governed by the statute and was not premature. The cases of *Reedy* v. *Armistead,* 31 Miss., 353, and *Anderson* v. *Newman,* 60 Miss., 532, were suits instituted against the executors and others to obtain final decrees against the estates of decedents. The fact that land

was involved was immaterial, as the primary liability, in each case, was on personalty, and defense devolved on the executor, or administrator. The case of *Rosenthal* v. *Enevoldson,* 61 Miss., 535, differed from these only in being a contest as to whether certain property did or did not belong to the estate of decedent. In all three of these cases, as the court mentioned in the latter, final decree was sought against the property of decedent on account of transactions occurring during the lifetime of decedent and with which the statute intended an executor should have time to familiarize himself with the facts.

In the case of *Mitchener* v. *Robins,* 73 Miss., 386 (s.c., 19 South. Rep., 103), this statute was again taken up and construed. The above cases were cited and explained. That was a proceeding to establish a laborer's claim against an insolvent estate, to ascertain its *pro rata* payment from said estate, and to fix the lien for the remainder of the debt upon agricultural products which had been allotted to the widow and children as exempt. All this came up, as in this case, on petition, in which the administrator was a party, as well as the widow and children. The objection that the suit was prematurely brought was overruled and the action sustained, this court declaring: "Clearly this is a case requiring the restriction of the words of the statute to the ordinary cases contemplated by it, and forbidding its enlargement so as to embrace an exceptional case not within legislative design."

The third ground of demurrer relies upon a strict enforcement of sec. 1961 of the code, which authorizes the institution of proceedings to obtain a legacy after the expiration of twelve months from the grant of letters. There is no direct prohibition in this section against an earlier proceeding.

There was no suggestion from any quarter that testator's estate was insolvent or in any manner doubtful, and no denial of the infirmities of appellee and of her slender and uncertain hold on life. Construing the will with reference to these stat-

utes and the peculiar circumstances of the case, it is very evident the testator intended an immediate support to one who could not otherwise be provided for long, if at all.

TRULY, J., delivered the opinion of the court.

We see no reason to disturb the decree of the chancellor. The point pressed here with much force that the chancellor was without power to entertain such proceeding and render a decree therein in vacation was not presented with sufficient clearness by the demurrer to require the chancellor to postpone the hearing to a later date in the absence of any request to that effect. The first ground of the demurrer avers want of jurisdiction in the court generally, denying the power of the court to entertain the petition, not because the hearing was in vacation, but by reason of a lack of power to grant the relief prayed for. There is no suggestion, and certainly no specific averment, that the jurisdiction was challenged on the ground that the hearing was in vacation; in fact, the whole trend of the record inclines us to believe that such could not have been the prime object of this ground of the demurrer. The petition was made returnable to the regular term of the court, and was, by order duly entered on the minutes in term time, continued for hearing and determination to a stated date in vacation. No objection on the part of the executors or their counsel was made to this order. Subsequently, in vacation, they took part in the taking of depositions and entered into an agreement with opposing counsel that certain material matters of evidence might be considered on the hearing before the chancellor. At the hearing they made no application for postponement or delay, but, their demurrer being overruled, joined issue, the record recites, upon the merits and proceeded to a final determination of the question presented. They cannot now, having participated without objection in the trial, be heard to say that they were entitled to a delay or to additional time for the preparation of their case. An alleged error, not vital in its

nature, but arising merely on a point of practice, which might have been waived, and to which the attention of the trial judge was not specifically directed, cannot, in fairness to him, be considered on appeal. We think none of the grounds of demurrer present any cause why the petition should have been denied.

The chancery court is clothed with the fullest jurisdiction to determine all matters relating to the administration of estates, and is always open for the hearing of a petition by any one interested asking the construction of the last will of a decedent. Nor do we think the particular proceeding here presented comes within the purview of Code 1892, § 1922 or § 1961. The reason on which each of these statutes is based does not exist in this case. The estate is admittedly solvent, and no rights of creditors are involved or can be prejudiced. This is not a suit, within the meaning of the statute, such as may not be instituted against the executors of a last will and testament within the prescribed period; nor is it a proceeding instituted by a legatee or annuitant to compel distribution. Appellee does not stand in the attitude of either. She was granted by the terms of the will a "comfortable support" during her life; and in view of her advanced age, her helplessness, and her impoverished circumstances, it was manifestly the intention of the testator that this support should begin immediately upon his decease and continue so long as she should live. In view of the age and physical condition of appellee, as portrayed by this record, how idle and perfectly futile would have been this provision for her support, if the contention of the executors be true—that she must wait until the expiration of the statutory period mentioned in the sections cited, and then only recover at the end of a litigation with the executors! Such a course would inevitably tend to, and might absolutely, defeat the purpose of the testator—a purpose so worthy and so commendable that, in our opinion, under the peculiar circumstances of this case, the executors themselves, if in doubt as to their power, should have invoked the aid of the

court to enable them to carry into effect the generous impulse of the testator, the common benefactor of them all; for, in all human probability, before the tedious delays thus entailed upon appellee would have ended, she would have been removed far beyond the need of human help and beyond the fear of human niggardliness.

The decree of the chancellor is manifestly correct from a legal view point and is in accordance with every dictate of justice and humanity.

*Affirmed.*