BOWMAN *et al. v.* EMPSON.

(Division B. Dec. 7, 1931.)

[138 So. 341. No. 29611.]

Price, Cassidy & McLain, of McComb, for appellants.

Williams & Hunt, of McComb, for appellee.

Ethridge, P. J., delivered the opinion of the court.

On March 25, 1929, the appellee, Empson, filed a bill in the chancery court of Pike county, Miss., praying for

an injunction against the appellants to restrain them from violating a contract made an exhibit to the bill, and setting forth certain violations thereof, also as exhibits, and which contained other contracts alleged to be in violation of the complainant's right. The chancellor set June 10, 1929, for hearing of the bill of complaint as to whether a preliminary injunction should be granted. The defendants filed an answer to the bill prior to noon on said day, setting forth their defenses to the said suit, with certain exhibits thereto attached. This bill was sworn to on the 7th day of June, and was filed on the 10th, on which day the chancellor granted the injunction prayed for, fixing the bond therefor at $100.

Subsequently the appellants moved to increase the bond, and also moved for dissolution of the preliminary injunction on bill, answer, and proof. By an order the chancellor set August 27, 1929, for hearing of the said motions, and on that day a hearing was had on bill, answer, exhibits, and proof. The chancellor took the cause under advisement, and on the 23d day of October, 1929, the chancellor, in vacation, granted Empson a decree holding that the preliminary injunction was rightfully sued out, and refusing to dissolve the same, and that the injunction originally issued stand in force, and taxed the defendants with the costs. From that decree an appeal was prosecuted to this court by the appellants, who failed to file the brief and assignments of error as required by the rules of the court, and the appeal was dismissed. A motion was made to reinstate the said appeal, and, after filing said motion for reinstatement, briefs and assignments of error were filed, but the court refused to reinstate the appeal. On that appeal, and in the application for reinstatement, it was insisted that the decree appealed from was a final decree, as the only relief prayed by the bill was the injunction. The injunction was the only relief prayed, and the record shows that all of the pertinent testimony available, which the

parties desired to offer, was offered and heard by the chancellor.

After the mandate from this court reached the court below dismissing said appeal, the defendants filed a motion in the court in the following words: "Come the defendants, by their solicitors of record, and move the court to docket the above styled cause, and set same on the issue docket of said court for final hearing on the merits and as to whether or not the injunction heretofore issued should be made perpetual; and move the court that a day certain be set for the hearing, and that on the hearing a decree be rendered for the defendants, dismissing the bill of complaint and the writ heretofore issued."

There was no showing in this motion that there was any other proof available or any desire to present any should a further hearing be granted.

The complainants filed a plea in bar which reads as follows: "Comes the complainant in the original bill, and for plea to the motion to redocket the case, pleads in bar, and says that the whole matter involved in said matter is res adjudicata, for the reason that there had already heretofore been a final decree and determination of said cause, fully on its merits, between the same parties in a court of competent jurisdiction, and that in same is supplemented by a final decree in the appellate court, and there remains nothing except its due enforcement, as this court must act on the presumption that every fact necessary to the validity of the former decree was brought to the attention of the appellate court."

The defendants moved to strike this plea in bar from the files for the following reasons: That the plea was filed out of time; that the plea is not sufficient in law or equity; that the plea is a nullity; that the plea is not responsive to the issue, and is not responsive to the motion against which it is directed, and is unknown to equity or chancery procedure, as same obtains in this state; and that the record introduced in evidence to support the motion to docket and for decree on the merits shows that

no final decree or order had been taken in any court, and shows that no hearing had been had on the merits and that the only hearing was on motion to dissolve on bill, answer, and proof.

It will thus be seen from the statement of the case that on the motion to dissolve the entire proof was heard, and the court rendered a decree in favor of the complainant, and taxed the defendants with the costs. Every litigated issue was disposed of in this hearing. The chancellor did not grant an appeal to settle the principles of the case, nor was any appeal granted by him warranted as an interlocutory appeal. He granted an order to file the appeal and perfect the record, and on that appeal the appellants treated the proceeding as a final adjudication, but contended that the chancellor committed error in regard to the right to open and close and the burden of the proof. By section 320 of the Code of 1930, a chancellor may hear and determine a cause in vacation with the consent of the parties. The statute does not prescribe how such consent shall be obtained. Under the statutes authorizing motions to dissolve injunction in vacation, motions can be decided upon affidavits. In regard to vacation trials, the statute does not provide how the consent shall be evidenced, and it is manifest here that the court had already, in granting the preliminary injunction, had the matter before it on bill, answer, and proof, and a second motion to dissolve the injunction and to increase the bond had been granted, and the trial proceeded as a trial on the merits; and it was insisted on the former appeal by the appellants that it was a trial on the merits and a final decree.

The cause, when here before, was not dismissed, because it was not a final decree, but because the appeal had not been prosecuted with diligence. It is difficult to say what could be accomplished by permitting another trial on the same record and evidence before the chancellor, and we are of the opinion that the parties in effect consented to a final hearing on the motion to dissolve

by presenting their full case and taking an appeal therefrom, and that they are in no position now to contend that that appeal was not authorized by law, and that the decree was not final.

In Griffith's Chancery Practice, section 455, p. 481, it is said: ". . . This statute affords the opportunity to make a full and complete presentation of the merits of the whole case on a motion to dissolve, and since it is competent on such a motion for the parties by agreement to have the hearing treated as a final one, this latter course is now often taken, much to the advantage of a prompt and satisfactory disposition of such causes."

In discussing interlocutory and final decrees, the same author, Judge Griffith, said (section 609, Griffith's Chancery Practice): "An interlocutory decree is one made by the court during, and with regard to, the progress of the case, and which embodies a determination of some matter preparatory to the full hearing on the merits; or which is conservative of the interests of the parties pendente lite; or which while affecting the merits yet reserves, either in terms or by necessary implication, some portion of the merits for future adjudication; in brief, any decree that precedes the final decree is an interlocutory decree. A final decree is one which finally determines and settles the case on its complete merits—which neither omits nor reserves any of the material issues with respect to the merits—and leaves nothing remaining to be done, except those merely formal, or ministerial or executive subsequent orders or decrees necessary or proper to enforce the final decree. The decree is final when it terminates the actual litigation between the parties and leaves nothing to be done except to enforce what has been determined."

It seems to us that the decree heretofore rendered completely settles the controverted matters between the parties. The chancellor below so held, and his judgment must be affirmed.

Affirmed.