DICKERSON *v.* DICKERSON

No. 42523          January 14, 1963          148 So. 2d 510

*Noble & Noble,* Brookhaven, for appellant.

*Joe N. Pigott,* McComb, for appellee.

LEE, P. J.

Mrs. Leavell Robinson Dickerson, by her bill of complaint against her husband, James Milton Dickerson, sought a divorce, the custody of the three children of the marriage, Linda Kay, James Larry, and Calvin Lee, aged 12, 10, and 6 years, respectively, support for herself and children, and attorneys' fees.

The answer of the defendant denied the material allegations of the bill, signified a willingness to support the children if their custody should be placed with him and his parents, charged that the complainant was incompetent to have their custody, and prayed that he and his parents should be awarded custody.

No evidence was offered by the defendant in opposition to the divorce, which was sought on the ground of habitual cruel and inhuman treatment. At the conclusion of the evidence on that question, the court by decree, of date of December 22, 1961, awarded complainant a divorce. The court was evidently impressed that this man and woman were wholly incompatible and that wisdom required the disolution of the marriage. The evidence was not strong, but the court is unwilling to say that it was not sufficient to support the decree.

In the same order which granted the divorce, the court also awarded temporary custody and support to the mother. The chancellor took under advisement for hearing in vacation on February 12, 1962 the matter of permanent custody and support of the minors and attorneys' fees.

On February 12, 1962, pursuant to the previous order, the court assembled and heard additional evidence. Near the end of the day, the evidence had not been concluded and a recess was taken to a later date. On February 22, 1962, the court reassembled with all parties present and continued the taking of testimony. At the close of the evidence, the trial ended, and the court announced that it would decide the case before the following Monday. Accordingly, the learned chancellor prepared and filed a written opinion in which he held that neither of the parents, without the aid and assistance of their respective parents, were capable of properly caring for these children; that their best interest would be served by awarding their custody to their father where they will have the care and attention of

Mr. and Mrs. Sidney Dickerson, the paternal grand-parents; and that the oldest and youngest children need to be enrolled in the school for retarded children at McComb, and directed that the father do this and pay their expenses. He also granted visitation rights to the mother, approved the partition of personal property as theretofore made, and directed the defendant to pay attorneys' fees of $100. A decree in accordance with these findings was entered, and Mrs. Dickerson appealed.

The appellant has listed several assignments of error, which mean simply this: The court erred in awarding custody of the children to the father because she is the proper one to have their custody and support in the first instance; that, besides, the defendant did not file a cross bill and ask for custody; that the court failed to make any provision for her support; that the decree for permanent custody was erroneously entered in vacation; and that the court failed to allow full attorneys' fees.

On these several issues the evidence for the complainant was given largely by her and members of her family. Likewise, the evidence for the defendant was offered by members of his family. The testimony, in both instances, was contrary and contradictory. Without detailing it, it is clear that the parents, without assistance, in neither instance were competent to have the custody of the children. By examination and cross examination of the witnesses, the court got a fair picture of the advantages and disadvantages which would follow the award of custody to the mother, who would be assisted by her mother; and also, if the award should be made to the father, who would be assisted by his father and mother, in whose home he lived.

There is no need to detail the evidence. It was conflicting, and it was necessary for the trier of fact to resolve the issue. Suffice it to say, however, on the

issue of the best interest of these children, which was certainly of prime concern in this case, as to which the authorities are so numerous as to need no citation, ██ ██ the finding of the chancellor appears to be supported by the stronger evidence. The paternal grandparents appeared to be upright people of substantial financial ability, and in a better position, as a whole, to complement parental care.

The evidence showed that the complainant had been working and was capable of earning as much, or almost as much, as the defendant. Besides, the defendant was required by order of the court to support the children.

██ ██ Under Sec. 2743, Code of 1942, Rec., the court is vested with a wide discretion concerning the care, custody and maintenance of children, and the maintenance and alimony of the wife, upon the dissolution of the bonds of matrimony. ██ ██ This Court cannot construe the court's failure to award any alimony to the wife as an abuse of its discretion. ██ ██ While it is true that the defendant did not file a cross bill, he did, in his answer, ask for custody to be vested in him and his parents because his wife was incompetent, but the court has the discretion, under Sec. 2743, supra, to make disposition of a matter of this kind whether or not there was an express prayer therefor in conformity with the usual pleadings.

██ ██ The case, by order in term time, was expressly taken under advisement for further hearing of the unfinished matters, as heretofore stated; and, on the day fixed, the parties appeared and the complainant continued to adduce her evidence. She did so until 4 o'clock that afternoon. The defendant had seven witnesses to be used for testimony, and, as there was not time for that purpose, the case was adjourned for further hearing. On February 22 thereafter, the parties appeared and the defense witnesses were examined and cross-examined. No question was raised concerning the right

or power of the court to conclude this trial. The parties appeared and participated fully in these hearings without a murmur to the contrary. If the complainant had any right to stop the hearing, she clearly waived it. Owens v. Waddell, 87 Miss. 310, 39 So. 459; Bowman v. Empson, 162 Miss. 13, 138 So. 341.

The chancellor, in fixing the amount of attorneys' fees, must take into account not only the services to be performed, but also the ability of the husband to pay. Under the circumstances, this Court cannot say that the amount allowed for this purpose was so inadequate that this Court must require an additional payment therefor.

The decree in this cause must, in all respects, be affirmed. Since the appellant, in her brief, asked for additional attorneys' fees, the Court is of the opinion that, under the circumstances in this case, such a fee should be allowed in this instance. To that end, it will be ordered that the appellee shall forthwith pay to the appellant, for the services of her attorney on this appeal, one half of the amount allowed in the trial court, ie., $50.00.

Affirmed and attorneys' fees allowed.

*McGehee, C. J., and McElroy, Rodgers and Jones, JJ.,* concur.