329 So.2d 667 (1976)
Barbara A. (Crumpton) HODUM
v.
Leonard CRUMPTON.
No. 48522.
Supreme Court of Mississippi.
March 23, 1976.
Rehearing Denied April 27, 1976.
Farese, Farese, Jones & Farese, Ashland, for appellant.
B.N. Knox, Jr., New Albany, for appellee.
Before GILLESPIE, WALKER and BROOM, JJ.
WALKER, Justice:
This is an appeal from the Chancery Court of Union County, Mississippi, which dismissed appellant's petition for modification of a prior decree awarding custody of a two and one-half year old female child to her father, the appellee here.
The essential facts which have brought this litigation to this stage are as follows:
On or about April 19, 1973, appellant and her husband separated. On May 22, 1973, appellant filed for divorce against her husband. The precise ground for the divorce was habitual, cruel and inhuman treatment. Appellee filed a cross-bill, charging appellant with adultery.
One child, Donna Crumpton, was born of this union. At the time of the divorce, the child was one and one-half years of age. The proceedings upon the original bill and cross-bill for divorce were uncontested. In due course, on June 28, 1973, upon the uncontested evidence of the husband, the divorce was granted to him, *668 along with custody of the minor child. Appellant was granted specific visitation privileges from Friday to Sunday on each third weekend.
On December 31, 1973, appellant filed her petition seeking modification of the original decree so as to obtain custody of the child.
The decree granting appellee a divorce and custody of the minor child was based on a charge of adultery but made no finding with reference to the fitness or unfitness of appellant to have the minor child.
At the time of her divorce, appellant was working full time. After the divorce, she married Billy R. Hodum and the couple now reside in Memphis, Tennessee, where Billy Hodum is General Manager of a builders supply company. The Hodums' current income is approximately $1,200 per month. Mrs. Hodum does not work and remains in the home as a housewife. The home, which they own, is a modern home with three bedrooms, one and one-half baths, breakfast room, kitchen, living room, dining room, family room and double carport. The home is located in a residential area near a school and church. Mr. and Mrs. Hodum are the only occupants of the home.
After the Crumptons' divorce in Union County, Mr. Crumpton, the appellee, sold the three bedroom home which he and appellant had built prior to their divorce. He then moved, with the child, into a mobile home trailer, which he purchased. Mr. Crumpton, the minor child, Mr. Crumpton's mother and father, and a nephew, thirteen years of age and who does not go to school, all live in the trailer. The trailer is twelve feet wide and sixty-five feet long, consisting of three bedrooms, two baths, a living room and a kitchen. Mr. Crumpton's parents use one bedroom and the nephew uses one. The third bedroom is occupied by Mr. Crumpton and the minor child here involved. Mr. Crumpton is employed as a factory worker at Futorian Manufacturing Company, earning $115 per week. Mr. Crumpton's mother cares for the child while Mr. Crumpton is at work. The child is now four years of age.
We are of the opinion that the chancellor erred in dismissing appellant's petition to modify the divorce decree granting custody of this minor child to the appellee. Here, as in Boswell v. Pope, 213 Miss. 31, 56 So.2d 1 (1952), the issues are two in number: (a) Whether there had been a material change in circumstances to warrant a modification or change of the custody decree; and (b) If such material change had occurred, what is for the best interest and welfare of the child.
The appellee's circumstances have changed since the former divorce decree. He has sold the home in which he and the appellant and child lived, and is now residing in a trailer, which he owns, with his mother, father, and a thirteen-year-old nephew who does not attend school. Due to the number of people in the three bedroom trailer, the appellee and the child share a bedroom. As was the case at the time of the former decree, the child is cared for by appellee's mother while he works.
The appellant's circumstances have also changed since the former decree. She has remarried and the couple have a home of their own. Furthermore, appellant is no longer working and is now able to devote her full time to the child and being a housewife. Appellant's husband is financially able and willing to support the child.
The paramount consideration in this case is the child's welfare. The general rule is that a child of such tender years and especially a female child should be with her mother, unless the mother is an unfit person to have the child's care and custody. Sistrunk v. Sistrunk, 245 So.2d 845 (Miss. 1971).
*669 In Winfield v. Winfield, 203 Miss. 391, 35 So.2d 443 (1948), it was said:
When a divorce has been properly granted because of the adultery of the wife, she is not entitled either to alimony or to the custody of the children, save temporarily as to an infant so young as not to permit separation from its mother, and save as to some exceptional circumstances, none of which are here present. (Emphasis added). (203 Miss. at 395, 35 So.2d at 444).
What was said in Bassett v. Sims, 220 Miss. 210, 70 So.2d 530 (1954), quoting Amis, Divorce and Separation in Mississippi, section 214, p. 289 (1935) is pertinent here. There it was said:
"Because since the good of the child is the chief concern of the court, no award will be made to one party merely as a reward for former virtuous conduct, nor denied to the other as a punishment for past misdeeds. For it sometimes happens that one who, under the lure of strong temptation, has grievously sinned, has yet repented and reformed and would train a child as wisely and well as if no such transgression had ever occurred. Nor should a parent be denied the custody merely because of adverse rumors of reputation without any proof of immoral acts, or of conduct which would reasonably indicate it." (220 Miss. at 218-19, 70 So.2d at 534).
See Case v. Stolpe, 300 So.2d 802, 805 (Miss. 1974).
The appellant has not only made out a strong case of a material change in circumstances since the original divorce decree, but she has also made out a strong case that the best interest and welfare of this four-year-old child would be best served by awarding its custody to her.
In Boswell v. Pope, supra, this Court said that discretion with respect to the custody of a minor should be exercised in the light of a well established rule of this and other courts that: "In all cases where any child is of such tender age as to require the mother's care for its physical welfare it should be awarded to her custody, at least until it reaches that age and maturity where it can be equally well cared for by other persons." (213 Miss. at 37-38, 56 So.2d at 3).
After a careful and meticulous review of this record, we have reached the inescapable conclusion that due to the tender age of this little four-year-old female child and the circumstances under which she is now being cared for, it would be in her best interest and welfare to be placed in the care, custody and control of her mother, with reasonable visitation rights to the father.
We, therefore, reverse the order of the lower court dismissing the petition to modify the former decree with respect to the custody of this child and remand this case to the lower court for a determination as to the visiting rights to be accorded the appellee and for such further orders with respect to said child not inconsistent with this opinion.
This case was considered by a conference of the Judges en banc.
Reversed and remanded for further proceedings consistent with this opinion.
GILLESPIE, C.J., and SMITH, ROBERTSON and LEE, JJ., concur.
PATTERSON and INZER, P. JJ., and SUGG and BROOM, JJ., dissent.
SUGG, Justice (dissenting):
The majority opinion substitutes its judgment for the judgment of the chancellor on a question of fact. A fundamental rule of appellate review is that a chancellor will not be reversed on a finding of fact unless he is manifestly wrong.
When a chancellor is called on to make a choice between the parents of children, *670 the pole star is the best interest of the child. In considering the best interest of a child, the chancellor must project into the future the probable effect the award of custody will have on the child. When predicting the probability of the behavior of parties there is no more accurate guide than considering their past behavior. In this case the chancellor was entitled to, and obviously took into consideration, the fact that the appellant married her paramour, Billy Hodum shortly after her husband divorced her for adultery; that Hodum had previously run away with appellant's aunt; that Hodum was divorced from a former wife, and the two children of that marriage were in custody of the former wife. It is apparent that the chancellor took into consideration the past performance of appellant and her present husband and came to the conclusion that they would not furnish a stable home for the child. With this conclusion of the chancellor I agree; at least, he was not manifestly wrong.
PATTERSON and INZER, P. JJ., and BROOM, J., join in this dissent.