412 So.2d 236 (1982)
Lynn Smallwood BUNTYN
v.
Kenneth SMALLWOOD.
No. 53070.
Supreme Court of Mississippi.
April 7, 1982.
Rehearing Denied May 5, 1982.
K. Maxwell Graves, Jr., W.W. Hewitt, Meadville, for appellant.
Guy, Dowdy & Whittington, Ronald L. Whittington, McComb, for appellee.
Before SUGG, P.J., and ROY NOBLE LEE and HAWKINS, JJ.
HAWKINS, Justice, for the Court.
This is an appeal by Lynn Smallwood Buntyn from a February 28, 1981 decree of the Chancery Court of Franklin County denying her petition for modification of a former decree of the court granting custody of Amanda Smallwood to her father, Kenneth Smallwood, the former husband of Mrs. Buntyn.
*237 The only issue we address on this appeal is whether there has been a material change in the circumstances of the parties justifying a modification of the former decree. We hold there was, and reverse.
Mrs. Buntyn and Mr. Smallwood were married May 17, 1975, and Amanda Smallwood, born September 7, 1976, was their only child. On June 17, 1978, the court rendered a divorce decree, which granted custody of Amanda to her mother. At the time, the parties lived in Meadville. Both the paternal grandparents and the maternal grandmother of Amanda also lived in Meadville.
Following her divorce, Mrs. Buntyn quit her job in Meadville and moved to New Orleans. A dispute arose between Mrs. Buntyn and Mr. Smallwood, and on October 18, 1979, they executed a joint petition to the court to modify the original divorce decree granting custody to Mrs. Buntyn. The petition contained the following statement:
The parties would show that following the rendition of the prior decree of this Court, there has been a material change in circumstances relative to the custody of the child, and because her job requires her to relocate to a location outside of the State of Mississippi, the parties jointly agree that it would be in the best interest of the minor child, Amanda Smallwood, and the parties herein that the prior decree be modified to award unto Kenneth Smallwood the care and custody of the child, Amanda Smallwood, subject to visitation by and with said child by Lynn Smallwood from 6:00 p.m. Friday until 6:00 p.m. Sunday on the weekends that Kenneth Smallwood is away from home because of his employment which is generally on alternate weekends.
The court rendered a decree on November 15, 1979, granting custody of Amanda to Mr. Smallwood in accordance with the petition of the parties.
Mr. Smallwood was employed on an offshore oil drilling operation, where he was on the job every other week. Essentially one day, each, was spent in going and returning from his job. While he was gone Amanda lived with his parents in Meadville.
Mrs. Buntyn married her present husband on August 30, 1980, and in November, 1980, they moved to Chattam, Alabama, a small town, where he was employed as vice president of the local bank.
On November 22, 1980, Mr. Smallwood remarried, and thereafter he and his wife resided in Natchez. Amanda moved to Natchez with her father and stepmother.
A dispute again arose between the parties, and on January 12, 1981, Mrs. Buntyn filed a petition to modify the November 15, 1979, decree granting custody to Mr. Smallwood, and to award custody of Amanda unto her.
Following a hearing in February, 1981, the chancellor found there had been no material change in the circumstances of the parties, denied the petition, required Mrs. Buntyn to post a ne exeat bond in the amount of $8,000, limited her right to visitation with her daughter to one weekend per month (beginning on Saturday at 10:00 a.m., and ending at 7:00 p.m. on the Sunday following), Mother's Day, and the alternating Christmases and birthdays of Amanda. Under the principles announced in Cassell v. Cassell, 211 Miss. 841, 52 So.2d 918 (1951); Tighe v. Moore, 246 Miss. 649, 151 So.2d 190 (1963); and Hodum v. Crumpton, 329 So.2d 667 (Miss. 1976), courts are authorized to make changes in child custody when there has been a material change of circumstances of the parties. In deference to the chancellor, however, we believe there was a material change in the circumstances of the parties, and that custody should have been awarded to Mrs. Buntyn.
Both parents are clearly well-meaning and love their daughter. There are negative considerations, also, on each side. Both parents are now married to spouses who were previously married, and who do not have custody of their children from the prior unions.
At the February, 1981 hearing, Mrs. Buntyn lived in a stable environment, fully *238 supported by Mr. Buntyn, who is also capable of, and desirous of affording a home for Amanda.
Mr. Smallwood, on the other hand, could only be with his daughter five days out of every fourteen; the remainder of the time, Amanda was totally in the care and control of her stepmother.
When the November 15, 1979 decree granting custody to Mr. Smallwood was entered, the parties obviously considered that Amanda would have to live with her paternal grandparents while he was on the job. Prior to that time, Amanda lived part of the time with Mrs. Buntyn's mother in Meadville.
No hard and fast rule can be applied to these most difficult of cases. Mrs. Buntyn voluntarily relinquished custody of her daughter, which raises serious questions now of reinvesting custody in her. On the other hand, she is presently in a position to give full time and attention to her daughter, a child of tender years, who is a female. Her stepmother, who presently must be her sole attendant for considerably more than half of each working year, is no doubt well-meaning, but is not, and never can be, Amanda's mother. The best interest of this child dictates that custody vest in her mother, who can be with her every day.
Under the principles of law enunciated in Steele v. Steele, 152 Miss. 365, 118 So. 721 (1928); Bland v. Stoudemire, 219 Miss. 526, 69 So.2d 225 (1954); Dickerson v. Dickerson, 245 Miss. 370, 148 So.2d 510 (1963); and Hodge v. Hodge, 186 So.2d 748 (Miss. 1966), the best interest of the child is paramount in the consideration of the Court. Moreover, this Court has continuously held that if the mother of a child of tender years  especially a female  is so fit, then she should have custody. Kyzar v. Kyzar, 248 Miss. 59, 157 So.2d 770 (1963); Brown v. Brown, 237 Miss. 53, 112 So.2d 556 (1959); Bosewell v. Pope, 213 Miss. 31, 56 So.2d 1 (1952); Johns v. Johns, 57 Miss. 530 (1879).
We accordingly reverse and render this case insofar as custody is concerned with direction to the chancellor to award custody to Mrs. Buntyn. The matters of child support payments and liberal visitation with her father (such as in the summer months when the child is not in school), are left to the broad discretionary powers of the chancellor. It is also our opinion that the ne exeat bond should be reduced to $3,000.00, on the condition that the jurisdiction of this case shall remain in the hands of the chancellor to make any future provisions pertaining to the custody and care of Amanda as may arise.
REVERSED AND RENDERED IN PART AND REMANDED IN PART.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, DAN M. LEE and DARDEN, JJ., concur.