HAWKINS, Justice for the court:
This is an appeal by Allen James Baneck from a final decree awarding his wife custody of their two-and-one-half-year-old son. Because the chancellor based his decision upon a misapprehension of our decisions, we reverse and remand to permit a review and hearing for custody, based solely upon the best interest of the child.
Baneck and his wife, Jean Clare Baneck, were married July 26, 1974. During their marriage she had a miscarriage, they had a little girl who died when she was just a few months old, and their son, Raymond William Baneck, the subject of the custody hearing, was born September 6, 1979.
They separated October 6, 1981. This suit was filed October 21, 1981. Both the parties are Catholics, and both are natives of Memphis. Their entire married life, however, was spent in Walls, Mississippi, where he had purchased a house trailer. He held a regular job in Memphis, and she worked at various jobs off and on.
Mr. and Mrs. Baneck were incompatible. She committed an act of adultery resulting in á pregnancy from which she miscarried. Her housekeeping left a great deal to be desired. As with most marriages, Baneck was not entirely without fault either. From the record she appears an alert and restless individual; he, plodding, taciturn. Because this case will be remanded, there is no occasion to stress these parties’ personalities or conduct.
The chancellor awarded Baneck the divorce and some months later conducted a hearing on child custody. It is clear the chancellor gave great attention, care and concern in this case. He found there was no showing Mrs. Baneck was morally unfit to have custody of the child. In his opinion the chancellor stated:
In order for the Court to remove custody from the mother — before I go forward, let me say this. In the first place, it is not even at issue the fitness of the father. The fitness of the mother is at issue. And it has been raised. And the Court is of the opinion that we have a very sad situation here of judgment— poor judgment and a lot of instances on Mrs. Baneck’s part. But in saying that, it is not to say she is morally unfit to have the care, custody, and control of Raymond.

The Court, because it feels the burden necessary to prove this lady morally unfit has not been met, is going to award paramount custody of this baby to the mother, with the father having the right of reasonable visitation. And that visitation is to be liberal — every other weekend, at least 30 days during the summer to be agreed on by the parties, and at such other times, at other reasonable times as the parties can mutually agree. [R. 776-778]
It appears to this Court that the chancellor, having found that Mrs. Baneck was not morally unfit to have custody, considered the law required custody to be awarded her.
A chancellor sitting in a child custody case cannot ignore biology in deciding whether an infant should ordinarily be with the father or mother. Yet, he is under no legal obligation to give any one factor more consideration than the facts of the particular case justify. The mere fact that a mother is morally fit gives her no legal edge in a child custody case. Her sex may give a biological edge, which the chancellor is free to consider. It is, however, but one *768 factor, which may be more important in one case than in another. All circumstances should be considered and given the weight the chancellor deems they deserve, and in the end he reach a decision which he determines is in the best interest of that child. See: Albright v. Albright, 437 So.2d 1003 (Miss.1983).
We regret the delay in child custody cases for appellate review; custody cases may well be some of the best examples of “justice delayed is justice denied”. In this case it has been over two years since the custody decree was rendered. We trust the wisdom of the chancellor on remand to take into consideration all present circumstances of the parties and the child. We note, finally, the parties are fortunate in having sensible, experienced attorneys. They can be of immeasurable benefit to the chancellor; we are confident they will do so.
REVERSED AND REMANDED.
WALKER and ROY NOBLE LEE, P.J., and BOWLING, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.