478 So.2d 306 (1985)
Gilmore PELLEGRIN
v.
Evelyn PELLEGRIN.
No. 55054.
Supreme Court of Mississippi.
October 30, 1985.
*307 Claude V. Bilbo, Jr., Denton, Persons, Dornan & Bilbo, Pascagoula, for appellant.
William J. Palmer, Pascagoula, for appellee.
Before WALKER, P.J., and HAWKINS and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from an order of the Chancery Court of Jackson County granting a divorce to Evelyn Pellegrin, on grounds of cruel and inhuman treatment, and awarding custody of the parties' children to the appellee, Evelyn Pellegrin. Gilmore Pellegrin assigns the following as error: (1) the awarding of custody to appellee, (2) the granting of the divorce to appellee rather than appellant, and (3) granting to appellee possession of the family home.
Gilmore and Evelyn Pellegrin were married on January 5, 1973, in Montegut, Louisiana and later moved to Jackson County, Mississippi. Two children were born to the couple: Kirk John, on November 30, 1974, and Jessica Ann, on February 27, 1980.
Marital discord culminated in an initial separation on July 12, 1982. An attempted reconciliation which began in late August or early September ended with a final separation on September 8. Evelyn Pellegrin filed for divorce September 10, 1982, alleging as grounds habitual cruel and inhuman treatment. She sought custody of the two minor children, child support, use and possession of the home, a divorce and other relief. Gilmore Pellegrin responded with an answer and cross-complaint in which he asked for a divorce on the grounds of adultery, habitual cruel and inhuman treatment and, in the alternative, irreconcilable differences. In addition to the divorce, Gilmore Pellegrin also asked for custody of the children, possession of the house and other relief.
It is not necessary to here relate all of the evidence adduced at trial. Essential facts will be included in subsequent discussion.
Gilmore Pellegrin asserts that the chancellor erred in awarding custody of the children to Evelyn Pellegrin. He argues that the award was based solely on the so-called Tender Years Doctrine which, he states, should be abrogated.
In the case of Buntyn v. Smallwood, 412 So.2d 236 (Miss. 1982) it was said "that if the mother of a child of tender years  especially a female  is ... fit, then she should have custody. Id. at 238. However, it was also noted that "the best interest of the child is paramount in the consideration of the court." Id. That view was reflected in Albright v. Albright, 437 So.2d 1003 (Miss. 1983) when the Tender Years Doctrine was characterized as merely "a factor worthy of weight in determining the best interest of a child. ..." (Emphasis Added) Id. at 1005. The Court in Albright went on to state:
We reaffirm the rule that the polestar consideration in child custody cases is the best interest and welfare of the child. The age of the child is subordinated to that rule and is but one factor to be considered. Age should carry no greater weight than other factors to be considered, such as: health, and sex of the child; a determination of the parent that has had the continuity of care prior to the separation; which has the best parenting skills and which has the willingness and capacity to provide primary child care; the employment of the parent and responsibilities of that employment; physical and mental health and age of the parents; emotional ties of parent and child; moral fitness of parents; the home, school and community record of the child; the preference of the child at the age sufficient to express a preference by law, stability of home environment and employment of each parent, *308 and other factors relevant to the parent-child relationship. (Emphasis Added)
Id. It is apparent that the age of a child (and therefore, the Tender Years Doctrine) is only one of at least eleven factors to be properly considered in determining which parent is awarded custody.
In his final opinion in the instant case, the chancellor stated:
It was neither claimed nor proven that [Evelyn Pellegrin] is an unfit mother. The law is well settled in this state and the Court is duty bound to follow it. To do otherwise would only delay the inevitable and cause undue heartbreak.
... .
The children being of tender age and the mother not being proven unfit, she should be awarded custody. (Emphasis Added).
The chancellor's decision was unequivocally made by reliance only upon the Tender Years Doctrine. This Court may be permitted to presume that the chancellor considered some of the Albright factors not expressly addressed. See Torrence v. Moore, 455 So.2d 778 (Miss. 1984); it cannot so presume when the chancellor unambiguously rests his decision to award custody on but a single factor, i.e., the "tender age" of the children. We therefore, reverse that portion of the lower court's decision regarding the custody of the Pellegrin's minor children and remand for a new determination.
We are not able to say that the chancellor erred in granting a divorce to Evelyn rather than Gilmore Pellegrin. While her claims seem marginal, at best, the decision of the chancellor will be affirmed. It is difficult to tell from a perusal of the cold record just how "cruel and inhuman" was Gilmore's treatment of Evelyn. The chancellor was able to hear the testimony and judge the demeanor of the witnesses first hand. Presented with contradictory testimony, the chancellor, as evidenced by his decision, must have accepted the version given by Evelyn Pellegrin. In Rainey v. Rainey, 205 So.2d 514 (Miss. 1967), this Court stated with regard to testimony in divorce proceedings:
The credibility of the witness and the weight of their testimony, as well as the interpretation of evidence where it is capable of more than one reasonable interpretation, are primarily for the chancellor as the trier of facts. The issue here was a factual one and the chancellor's decision will not be disturbed since it was not manifestly wrong. (Emphasis added).
Id. at 515.
The chancellor's finding is presumptively valid; because both parties desired a divorce and because to whom the divorce is granted is not decisive of the real issue of custody, we find that the divorce was properly granted.
It was agreed that the best interests of the children would be served by their remaining in the family's house. Since the award of custody must be determined anew, which party is to be granted use and possession of the house must also be reconsidered.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.