The Chancery Court of Holmes County, Chancellor E.G. Cortright presiding, denied Duran's petition to modify Weaver's visitation with their children and granted Weaver's petition to modify the prior custody decree and awarded the two children of these two parties to Weaver. Duran has appealed that decision to this Court. *Page 1356 
On November 7, 1982, the Durans were divorced by joint complaint. Their two children, Virginia, born September 15, 1979, and Michael, born October 19, 1980, were placed in the custody of their father Duran, and specific visitation rights were granted to their mother. The parties did this as well as settle their property rights by agreement which was made a part of their complaint.
At the time of the divorce the parties lived in Lexington, and Duran worked on an oil rig and was gone every other two weeks. Therefore, the visitation awarded to the mother provided that during the two week period Duran was working, the maternal grandparents of the two children would keep them and their mother could visit them at the home of the maternal grandparents.
Approximately three weeks after the divorce decree was entered Mrs. Duran became Mrs. Weaver and still lives in Lexington. Several months later Mr. Duran married a woman from Meridian. He and the children moved to Meridian, which was closer to his work.
On February 21, 1984, almost one year after the move to Meridian, Duran filed a motion to modify the divorce decree to change the visitation schedule. His essential allegations were that the move had placed an additional expense on his compliance with the visitation schedule; keeping the children at home would provide a more stable environment for them; that since remarried, the second Mrs. Duran could tend to the children while he was gone to work; and, the oldest child was reaching school age and could not attend school if she was in Meridian two weeks and Lexington two weeks. Duran prayed for a modification to allow the children to remain in his home when he was working and to modify the existing visitation as the chancellor deemed proper, but with such visitation to remain under the control and supervision of the maternal grandparents as already provided.
Weaver answered and filed a cross-petition to modify seeking to have permanent custody changed to her. Her essential allegations were that she had now remarried a man capable and desirous of affording the children a home; she would not be working outside the home and could devote full time to the children; and, since the oldest child was at school age that child needed to remain in the same locality during the school year.
At the conclusion of the hearing the chancellor delivered a lengthy opinion. He noted that both parents were in agreement that the present arrangement was not in the children's best interest. He further noted that Weaver agreed that Duran was a fit and proper person to have custody, as he had been at the time the divorce decree was entered.
The chancellor found that at the time of the divorce Duran was fit and proper and that he was still fit and proper, and there was no change in circumstances that was attributed to his misconduct. The chancellor also was impressed by Duran's new wife.
The chancellor then discussed Weaver's position and pointed out that though she was working now she "indicated" that she would not work if she was awarded custody and could devote full time to the children. The chancellor noted there was no way to know that she would indeed quit her job and to him it appeared doubtful that her husband's earnings were sufficient for that luxury. The chancellor stated that his "feelings" were that the children would be better off in the custody of the father but he stated that "there was no proof tending to establish the mother's present unfitness." The chancellor further noted doubts about Weaver's husband and about whether his interest in the children was as great as was the interest of Duran's second wife.
At the conclusion of his opinion the chancellor terminated Duran's custody of his two children and granted their custody to Weaver.
On June 20, 1984, in a supplemental opinion the chancellor granted Duran visitation rights essentially as follows: Duran was to have the children the two weekends he was *Page 1357 
not working, and during the summer the whole two weeks he was not working. Provisions were also made for holidays. Duran was also ordered to pay $350.00 a month child support.
We find it necessary on this record to reverse the chancellor in his award of custody to Mrs. Weaver. The test to be applied is not whether or not Duran introduced proof that Mrs. Weaver, the non-custodial parent, was presently unfit. Duran had custody, Weaver sought custody. Weaver introduced no evidence that Duran was presently unfit and no evidence there had been a material change in circumstances in the home of Duran that adversely affected the best interest of the children. At best, Weaver's evidence tended to show that there had been a material change in circumstances in her home since the divorce. Furthermore, the chancellor relied on Buntyn v. Smallwood, 412 So.2d 236 (Miss. 1982) and Hodum v. Crumpton, 329 So.2d 667 (Miss. 1976), and found that those two cases clearly required an award of custody to the mother, there being no present evidence of her unfitness. In this finding the chancellor was in error.
The reliance on Buntyn and Hodum is misplaced. Both of those cases dealt with children of tender years and the tender years doctrine was employed in those decisions. Since those cases we have made it clear that a change of circumstances in the out of custody parent is not sufficient to authorize modification.Tucker v. Tucker, 453 So.2d 1294 (Miss. 1984); Bowden v.Fayard, 355 So.2d 662 (Miss. 1978).
Furthermore, this Court has regulated the tender age doctrine to but one factor to be considered in child custody cases.Bancek v. Bancek, 455 So.2d 766 (Miss. 1984); Albright v.Albright, 437 So.2d 1003 (Miss. 1983).
The chancellor was therefore not required by Buntyn andHodum to give custody to Mrs. Weaver simply because there had been no showing that she was presently unfit.
On this record it is abundantly clear that the best interest of the children would be served by their remaining in the custody of their father, Mr. Duran.
Accordingly, the award of custody to Mrs. Weaver is reversed and custody is awarded here to Mr. Duran.
The cause is remanded to the Chancery Court of Holmes County for a determination of reasonable visitation rights to be granted unto Mrs. Weaver.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P. JJ., and DAN M. LEE, PRATHER, ROBERTSON, ANDERSON and GRIFFIN, JJ., concur.